```
JS 44
(Rev. 12/96)
```

# CIVIL COVER SHEET

*Receipt 114670*

1

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**B-01-019**

**I. (a) PLAINTIFFS**
Kopy Kat Services, Inc
DeSantos, Patrick Mark

**DEFENDANTS**
Town of South Padre Island, Texas
~~Peter~~ Rodriguez, Robert

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Dallas, TX
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Cameron TX
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Scott E. Hayes
Vial, Hamilton, Koch & Knox, LLP
1717 Main St. Suite 4400
Dallas, TX 75201   214-712-4400

**ATTORNEYS (IF KNOWN)**

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)

Violation of 42 U.S.C. § 1983

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** 100,000+   CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE _____   DOCKET NUMBER _____

**DATE** 1/25/00   **SIGNATURE OF ATTORNEY OF RECORD** Scott Hayes

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 3 0 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| KOPY KAT SERVICES, INC. AND PATRICK MARK DESANTOS, | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. B-01-019 |
| V. | § § | JURY DEMAND |
| THE TOWN OF SOUTH PADRE ISLAND, TEXAS AND ROBERT RODRIQUEZ, | § § § § § | |
| Defendants. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT, AND APPLICATION FOR TEMPORARY INJUNCTION

COME NOW, Kopy Kat Services, Inc. and Patrick Mark DeSantos, Plaintiffs herein, and file this their Original Complaint against the Town of South Padre Island, Texas, and Robert Rodriquez, and state as follows:

### Parties

1. Kopy Kat Services, Inc. is a Texas corporation with its principal place of business in Dallas, Texas.

2. Patrick Mark DeSantos is an individual resident of the State of Texas.

3. The Town of South Padre Island, Texas is a municipality and may be served through its City Manager, Raymond Kendall, 4501 Padre Boulevard, South Padre Island, Texas 78597-7326.

<u>PLAINTIFFS' ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY INJUNCTION</u> - Page 1

4. Robert Rodriquez is an individual residing in the Southern District of Texas whose business address is the South Padre Island Police Department, 4501 Padre Boulevard, South Padre Island, Texas 78597-7326, and he may be served there.

### Jurisdiction and Venue

5. This Court has jurisdiction to hear this case because Defendants are being sued under the provisions of 42 U.S.C. § 1983. Therefore, this case presents a federal question for the determination by this Court pursuant to 28 U.S.C. § 7441(b).

6. Venue is proper in this Court because the acts and omissions complained of took place in the Southern District of Texas.

### BACKGROUND FACTS

7. In the afternoon of Saturday, April 15, 2000, Mark DeSantos, the owner of Kopy Kat Services, Inc., began unloading motor scooters on the property of Gulf Coast Beachwear at 2013 Padre Boulevard in South Padre Island and attaching "Rent Me" signs onto the motor scooters. Within an hour, an individual stating that he was with the South Padre Island Code Enforcement Division arrived on the scene and announced to Mr. DeSantos that it was a violation to attach the "Rent Me" signs to the motor scooters, without some sort of permit, and that Mr. DeSantos must immediately stop doing so. Several hours later, another South Padre Island Code Enforcement Division individual, Leopoldo Garcia, Jr., arrived at 2013 Padre Boulevard and told Mr. DeSantos that he could not park the motor scooters on the parking lot in front of Gulf Coast Beachwear, and then Mr. Garcia proceeded to write a citation to the owner of such property, apparently on the grounds that there was a violation of Section 20-14 of the ordinances of South Padre Island because

**PLAINTIFFS' ORIGINAL COMPLAINT AND
APPLICATION FOR TEMPORARY INJUNCTION - Page 2**

there were insufficient parking spaces for the motor scooters to be on the parking lot. A copy of such citation is attached hereto as Exhibit "1".

8. On Monday morning, April 17, 2000, Mr. Garcia stated the citation relating to parking spaces was withdrawn, and additionally, he admitted that there was not a problem with the attachment of the "Rent Me" signs to the motor scooters, despite the directives to that effect by the other Code Enforcement Division individual less than forty-eight hours previously.

9. Later in the day on April 17, 2000, a South Padre Island Code Enforcement Division individual went to Mr. DeSantos's private residence at the LaConcha Condos at 2500 Gulf Boulevard in the Town of South Padre Island and demanded answers from the manager of the LaConcha Condos regarding two motor scooters parked near Mr. DeSantos's condo unit.

10. Between April 15 and April 24, 2000, South Padre Island police officers frequently drove by or stopped near Mr. DeSantos's business, monitoring Mr. DeSantos's actions.

11. On April 24, 2000, the first day that Kopy Kat Services, Inc. began renting the motor scooters, Officer Jose Valdez of the South Padre Island Police Department, at approximately 4:00 p.m., approached five individuals who had rented mopeds from Kopy Kat Services, Inc. thirty minutes earlier. A copy of the drivers' licenses is attached hereto as Exhibit "2", and their statements of events attached as Exhibit "3". Officer Valdez told the individuals that they could not operate the mopeds because they did not have Texas operator licenses that allowed for the operation of mopeds. Officer Valdez made the individuals leave the mopeds in a parking lot and threatened them against further operation of the mopeds, and he additionally told them that he was going to ticket Mr. DeSantos for illegally renting the mopeds to individuals not licensed to operate them. Later that afternoon, Officer Valdez came to Kopy Kat Services, Inc.'s office and advised Mr. DeSantos that

PLAINTIFFS' ORIGINAL COMPLAINT AND
APPLICATION FOR TEMPORARY INJUNCTION - Page 3

a Texas operator's license was required to operate a moped in Texas. Officer Valdez handed Mr. DeSantos a copy of the Texas Transportation Code § 521.460, and said that Mr. DeSantos was in violation of such provision relating to renting of vehicles. Mr. DeSantos advised Officer Valdez of Texas Transportation Code § 521.030, titled "Reciprocal License", which allows for the operation of a vehicle if a non-resident may operate that type of vehicle in the non-residents home state. Section 521.030 of the Transportation Code provides in part:

> (b) A nonresident who is 16 years of age or older and who has in the person's possession a license issued to the person by the person's state or Canadian province of residence may operate a type of motor vehicle that is permitted to be operated with a Class C or Class M driver's license in this state if the license held by the nonresident permits operation of that type of vehicle in the person's state or province of residence.

Officer Valdez disagreed, stating that the Michigan individuals could not operate mopeds in Texas. Knowing that a great majority of the moped rental customers were from out of state, Officer Valdez's pronouncement effectively shut down Mr. DeSantos's business.

12.     On April 25, 2000, Mr. DeSantos and his counsel attempted to meet with then-Acting Chief Robert Rodriquez regarding the pattern of harassment and illegal action taken by the Police and Code Enforcement officers, all under Chief Rodriquez's command and direction. While a meeting was scheduled at 4:00 p.m. that day, Chief Rodriquez did not show up and in his place was Officer Charles Morrison of the South Padre Island Police Department (who has subsequently left the force) and another officer. The discussion centered around the actions of Officer Valdez on April 24 as to the five Michigan individuals on the mopeds from Kopy Kat Services, Inc. Officer Morrison initially concurred that he understood that Section 521.030 (Reciprocal License) of the Transportation Code allows individuals to operate mopeds if they can operate them in their home state. He then stated that

PLAINTIFFS' ORIGINAL COMPLAINT AND
APPLICATION FOR TEMPORARY INJUNCTION - Page 4

Michigan law required a motorcycle or moped endorsement, and that the five Michigan individuals did not have such . Officer Morrison then pulled out a copy of a summary of the relevant Michigan statute, which stated: "Moped: Must have a valid operator, chauffeur, or a "moped only" license. Minimum age is 15." A copy of the information provided by Officer Morrison is attached hereto as Exhibit "4". Officer Morrison then admitted a moped endorsement was not required in Michigan and that his previous statement was wrong, and then he decided that it was a legal issue and abruptly ended the meeting. Mr. DeSantos and his counsel then went to the office of Paul Cunningham, Attorney for the Town of South Padre Island for some type of explanation as to the actions by the South Padre Island Police Department and the Code Enforcement Division. Mr. Cunningham was not at his office. Counsel for Mr. DeSantos left his name, telephone number and business card and requested that Mr. Cunningham call him regarding the matter. Only weeks later did Mr. Cunningham call, claiming no knowledge of the matter.

13.   Mr. DeSantos's motor scooter business is certainly no surprise to the Chief Rodriquez or the Town of South Padre Island. In February, 2000, Mr. DeSantos, Mayor Ed Cyganawicz, who was also the attorney representing Mr. DeSantos and his interest (and as discussed below, he also represented Mr. DeSantos regarding the Town of South Padre Island's raid of his other business), and Chief Rodriquez met to discuss the possible opening of a motor scooter rental business by Mr. DeSantos on South Padre Island. The meeting went well and both Mayor Cyganawicz and Chief Rodriquez endorsed the idea as something that would be of great benefit to South Padre Island. Mr. DeSantos has subsequently spent a great amount of time, effort, and money to prepare for the opening of the motor scooter business, Kopy Kat Services, Inc. However, the Town of South Padre

PLAINTIFFS' ORIGINAL COMPLAINT AND
APPLICATION FOR TEMPORARY INJUNCTION - Page 5

Island did not want Mr. DeSantos to operate such a business and has engaged in a course and pattern of illegal and intentional means as discussed above to effectively shut the business down.

14. The actions involving the mopeds is not the first attempt by the South Padre Island Police Department and Code Enforcement Division to shut down a business that Mr. DeSantos operates. Mr. DeSantos also owns and operates a business, Digital Imaging Associates, Inc., in South Padre Island. The business involves manufacturing novelty products, including identification cards.

15. The South Padre Island Code Enforcement Division and the Police Department used the same *modus operandi* to attempt to shut down that business. In 1998, South Padre Island Code Enforcement individuals came to the Digital Imaging Associates, Inc. business and made verbal complaints regarding the business. Mr. DeSantos also received a form of a "cease and desist" letter from the South Padre Island Police Department threatening to shut down the operation of the business, and he received similar correspondence from the Cameron County District Attorneys' office. These actions continued in 1999. On March 25, 1999, an employee of Digital Imaging Associates, Inc., Jason Alexander, received a ticket from a South Padre Island Code Enforcement Department individual, Thomas Deckard, regarding a sign at the business. Like the citation relating to the parking spaces, the citation was soon thereafter withdrawn.

16. On March 27, 1999, a warrant of arrest was issued for Mr. DeSantos, charging him with the offense of delivery or manufacture of counterfeit instrument under Transportation Code § 521.456(b), a third degree felony. His business was also raided with virtually everything confiscated by the South Padre Island Police Department, and an employee of the business was arrested, and Mr. DeSantos was later arrested on April 1, 1999.

**PLAINTIFFS' ORIGINAL COMPLAINT AND**
**APPLICATION FOR TEMPORARY INJUNCTION - Page 6**

17. The charges were, of course, later summarily dropped, but only after his business was shut down and Mr. DeSantos and his employee arrested, and almost everything in the business confiscated by the police.

## Court I

## Violation of 42 U.S.C. § 1983

18. Plaintiffs reallege and incorporate herein paragraphs 7 to 17 above.

19. Defendants' action in intentionally and knowingly engaging in a pattern of wrongful conduct to shut down Mr. DeSantos's business Kopy Kat Services, Inc. have deprived Plaintiffs of their rights in violation of the Fourteen Amendment and 42 U.S.C. § 1983. As a result of Defendants' actions, Plaintiffs have sustained damages in excess of $100,000.00.

## Count II

## Request for Declaratory Relief

20. Plaintiffs reallege and incorporate herein paragraphs 7–17 above.

21. Days after the officer's stopping of the moped riders, Officer Leopoldo Garcia, of the Code Enforcement Division, advised Mr. DeSantos that the zoning for the Town of South Padre Island prohibited the operation of a moped rental business at 2013 Padre Boulevard, South Padre Island, Texas, and that such a business could not operate there.

22. The Town of South Padre Island Zoning Ordinance regulates land us in the Town of South Padre Island. (Chapter 20 of the Town's Code of Ordinances). The lands of the Town are divided into the following districts:

    "A"    Single family dwelling district.
    "E"    Low Density Residential–Single-Family and Townhouse Dwelling District.
    "B"    Multiple family dwellings, apartments, motel, hotel, condominium, townhouse district.

PLAINTIFFS' ORIGINAL COMPLAINT AND
APPLICATION FOR TEMPORARY INJUNCTION - Page 7

>    "C"    Business district - Fire zone.
>    "C-1"  General Business District - Fire Zone
>    "C-2"  Entertainment Related Uses District.
>    "C-3"  Limited Business District - Fire Zone.
>    "D"    Resort area district.
>    "D-1"  Resort Area District.
>    "D-2"  Transitional Resort Area District.

23. The Town's records reflect that 2013 Padre Boulevard lies in District "C-2". The description for District "C-2" entitled "Entertainment Related Uses District" provides:

>    (A)    <u>Purpose and Intent</u>:
>
>    The "C-2" Entertainment Related District is unique through its development as a center of similar entertainment and recreational uses within the Town of South Padre Island, and is an object of special and substantial public interest due to its richness and character, imparting a district aspect to an otherwise new city. It is deemed essential to the public welfare that these qualities relating to the "C-2 Entertainment Related Uses District be preserved and protected from destructive changes in use, and the growth pressures evident within the area and throughout the community it serves, which threaten its existence as a unique, cohesive, and definable whole.
>
>    It is the intent of these regulations to preserve and enhance the best elements of the Entertainment District through the review of changes in land use to protect against the undesirable encroachment by incompatible uses on the district, while encouraging uses which will lead to its continuance, conservation, and improvement in a manner appropriate to the preservation of this unique area of the community.
>
>    (B)    <u>Use regulations</u>:
>
>    (1)    Permitted Uses: The following uses shall be permitted as-of-right within the "C-2" Entertainment Related Uses District:
>
>           Residential
>                  Hotel/Motel
>
>           Retail Trade
>                  Antiques
>                  Apparel and Accessories
>                  Arts and Crafts/Art Gallery
>                  Bait Shop
>                  Bicycle Sales and Rental
>                  Books, Stationery, Newspapers, and Magazines

**PLAINTIFFS' ORIGINAL COMPLAINT AND
APPLICATION FOR TEMPORARY INJUNCTION - Page 8**

    Cameras and Photographic Supplies
    Candy, Nuts, and Confectionery
    Delicatessen
    Department Store, Mail Order, and Direct Selling Organizations
    Florist
    Gifts, Novelties, and Souvenirs
    Hardware
    Ice Cream and Frozen Desserts
    Liquor – Retail
    Music Supplies
    Restaurant, Fast-Food, With or Without Drive-Thru
    Restaurant, Sit-Down, No Drive-Thru
    Specialty Food Shops/Bakery
    Sporting Goods - Sales and rental
    Taverns, Bars, and Saloons
    Tobacco Products
    Variety and General Merchandise
  Cultural, Entertainment, and Recreational
    Amphitheater
    Amusement Center
    Aquarium
    Aqua-Sports
    Arcade
    Auditorium
    Banquet Hall
    Bicycle – Rental and Repair
    Billiard Hall
    Boat Ramp – Public
    Boat Ramp – Private
    Boat Rental
    Bowling Center
    Dinner Theater
    Exhibition Hall
    Health Club/Gymnasium
    Historic and Monument Sites
    Ice Skating Rink – Indoor
    Library
    Marina
    Museum
    Public Parks
    Piers – Private and Public
    Planetaria
    Private Club
    Reception Hall

    Recreational Center
    Roller Skating Rink
    Theater – Stage Play
    Theater – Motion Picture
  Repair Services
    Bicycle Repair
    Boat Repair Services
  Government Services
    Postal Services
    Governmental Functions, Facilities, and Buildings
  Personal Services
    Artist's Studio
    Photographic Services
    Beauty and Barber Shops
    Apparel Repair and Alterations
    Shoe Repair and Shoe Shining Services
    Tattooing and body art
  Financial Services
    Bank
    Savings and Loan Association
    Commercial Credit Institutions
    Credit Unions
    Holding and Investment Services
  General Offices for Business and Professional Services

24. Plaintiffs contend that their scooter rental business is an allowed use under the "C-2" classification. Plaintiffs seek a declaration from the Court that the motor scooter rental business at 2013 Padre Boulevard is an allowed use under the Zoning Ordinance.

### Count III

### Application For Temporary Injunction

25. Plaintiffs reallege and incorporate herein paragraphs 7 to 17.

26. The prime operation time for Plaintiffs' motor scooter rental business is March through the summer. The Town of South Padre Island, through its Code Enforcement Division, has stated that it will not allow Plaintiffs to operate the motor scooter rental business from the location at 2013 Padre Boulevard because the zoning ordinance for that location does not allow for the operation of

**PLAINTIFFS' ORIGINAL COMPLAINT AND
APPLICATION FOR TEMPORARY INJUNCTION - Page 10**

that type of business. Plaintiffs herein seek a declaration from the Court that a motor scooter rental business at 2013 Padre Boulevard is not in violation of the Zoning Ordinance. In conjunction therewith, Plaintiffs will be irreparably damaged if they are not allowed to operate the motor scooter rental business at such location. Plaintiffs are likely to prevail at trial on this matter. As such, Plaintiffs seek a temporary injunction prohibiting the Town of South Padre Island and its agents, employees, and other acting in concert with them, from attempting to prevent Plaintiffs from operating a motor scooter rental business at 2013 Padre Boulevard, based on the Zoning Ordinances.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Kopy Kat Services, Inc. and Patrick Mark DeSantos, pray that Defendants be cited and answer herein, and upon final hearing Plaintiffs be awarded judgment against Defendants for damages, attorneys' fees through trial and all appeals, pre-judgment and post-judgment interest, a declaration that the zoning ordinances of the Town of South Padre Island permit the operation of a motor scooter rental business at 2013 Padre Boulevard, South Padre Island, Texas, and a temporary injunction prohibiting the Town of South Padre Island from attempting to prevent the operation of a moped rental business at 2013 Padre Island in South Padre Island, Texas, and any other relief to which Plaintiffs are entitled.

**PLAINTIFFS' ORIGINAL COMPLAINT AND**
**APPLICATION FOR TEMPORARY INJUNCTION - Page 11**

Respectfully submitted,

VIAL, HAMILTON, KOCH & KNOX, L.L.P.
1717 Main Street, Suite 4400
Dallas, Texas 75201
Phone: (214) 712-4540
FAX: (214) 712-4402

By: _____
SCOTT E. HAYES
State Bar No. 09280050
Southern District Federal #25403

ATTORNEY FOR PLAINTIFFS KOPY KAT SERVICES, INC. AND PATRICK MARK DESANTOS

100333.1

**PLAINTIFFS' ORIGINAL COMPLAINT AND
APPLICATION FOR TEMPORARY INJUNCTION - Page 12**

**TOWN OF SOUTH PADRE ISLAND**
**MUNICIPAL COURT**
**COUNTY OF CAMERON**
**STATE OF TEXAS**

**1085**

Court Case No. _____  Charge number _____

In the name of **TOWN OF SOUTH PADRE ISLAND, TEXAS** The undersigned complains that he has good reason to believe and does believe that on or about

___ day of _____ ____ ☐ AM ☒ PM

Last Name _____ First _____ MI ___ Alias ___

104 Dodd St 4

SID# _____ City/State _____ D.O.B. _____

(___) ___-____  Ht/Wt/Sex ___ Tx 14308392

Phone _____  D.L. No. _____

Owner

Occupation _____ Place of Employment _____ Phone (Res/Work)

at location **2013 Padre Blvd**

in the TOWN OF SOUTH PADRE ISLAND, Cameron County, Texas

committed the following offense: _____

in violation of Sec. _____  City Criminal Code _____

_Leo Garcia_  330

Officer                        Badge #

I hereby agree to appear to answer at 4601 Padre Boulevard

on ___ day of _____ ____ at 9:00 A.M.

_____
Signature of Defendant

CASE REPORT NO. _____  Report Made ( ) YES ( ) NO

VICTIM:

Last Name _____ First _____ M.I. _____ D.O.B. _____

St / PO # _____ City _____ State _____

Place of Employment _____ Address _____ Phone _____

WITNESSES ( Name, Address, Phone )
1. _____
2. _____
3. _____

CO-DEFENDANTS: ( Name, Address, Phone )
1. _____
2. _____

DEFENDANT'S BEHAVIOR: _____ Good _____ Bad

EXPLAIN: _____

NARRATIVE: _____

Complainant / Officer _____ ID# _____

**EXHIBIT**
**1**










EXHIBIT 2

On Monday April 24, at approximatly 3:30 pm, 5 students from Sterling Heights MI, Gina Lalama, Crystal Vanderheyden, Rich Chrostowski, Tim Krull, Alan Sarzynski proceeded to rent 5 mopeds from CopyCap Scooters. When renting the vehicles we were informed that it was legal in the state of Texas to operate the vehicles with a legalized United States liscence. After handing over a $100 deposit and $40 rental fee for the mopeds, we were then given instructions on how to properly operate the vehicles. We proceeded to ride the bikes for no more than 30 minutes when we pulled into the Blue Marlin supermarket. We ere then approached by Officer J. Valdez rom the South Padre Police department who sked to see all of our liscences. He asked f any of us had a "class A moped operators liscence" to which we all responded o. He then went back to his police car o verify the law. We were then told that t is against Texas law to operate a moped ithout a "class A moped operators liscence". e said that because we were told warned f the law that he would not issue us citation but that he would issue one to

EXHIBIT 3

told to leave the bikes at the supermarket and that it was mark's obligation to retrieve the vehicles. we then took a taxi back to 'opycat scooters where we waited aprx. 20 min for marc. When he arrived we explained the charges brought against us as well as him. He then refunded each of us for our $100 deposits as well as our $40 rental fee. The above statement is legitimate and accurate and is agreeded upon by each of the five students who have signed below.

Gina Lalama
(810) 977-0303

Rich Chrostowski
1(810) 268-2509

Tim Krull
(810)-934-7932

Crystal VanDerHeyden
(810) 939-7212

Alan Sarzynski
()979-8996
STATE OF TEXAS
COUNTY OF CAMERON

This instrument was acknowledged before me on April ___, 2000 by Gina Lalama, Rich Chrost[owski], Crystal VanDerHeyden, Tim Krull and Alan Sarzynski.



Notary Public, State of Texas

**STATE IDENTIFICATION CARDS**

# MICHIGAN

## MICHIGAN DRIVER'S LICENSE

■ **Currently Issued License (Fig. 23.1)**

1. **Description**

    SIZE: Width: 3 3/8"  Height: 2 1/8"

    FRONT DETAIL: Digitized credit-card style license with a photographic headbar showing the Mackinac Bridge and "MICHIGAN" in blue print at left. Driver license header information (including the license number) is color coded as follows: Operator and Chauffeur Driver License are blue; Commercial Driver License is green; Graduated Driver License is red; Moped License is orange. Driver's photo, with blue backdrop, is at left; black printing below indicates that medical and anatomical gift information is shown on back. Under 21 statement, printed in red ink above photo, identifies month, day and year of 21st birthday of a minor driver. Expiration date is printed in red ink. PolaSecure® optical variable device imprinted on the laminate shows outline of the state and the word "MICHIGAN" repeating on the face of the license. Image of the Great Seal of Michigan is printed across the center of the license, in primary-colored ultraviolet ink that will fluoresce in multiple colors and is viewable under a black light. Driver's name and address, to right of portrait, appear on three lines, followed by two rows of data and driver's digitized signature. The date of birth is shown in red print. At lower right a unique number appears. It shows the year, Julian date, and Secretary of State branch number (issuing office). A "D" at the end indicates a duplicate license has been issued.

    BACK DETAIL: Back contains magnetic stripe and bar code, preceded by statement "Information contained in bar code and magnetic stripe is limited to date of birth, license/ID number and expiration date." Anatomical gift statement (with "Medical Alert" square at right) contains lines for signature of donor and witness; emergency contact; and telephone number. Instructions read "USE BALL POINT PEN ONLY." There is a space at bottom for change of address label.

    MATERIAL: Teslin stock with optical variable device imprinted in laminate. Manufactured by Polaroid Corporation.

2. **Classes and Endorsements**

    The Michigan CDL is classified in conformity with federal law and is restricted to the type of vehicle for which the license holder qualifies. The CDL classes are shown below:

    CLASS A: Any vehicle towing another vehicle with a GVWR over 10,000 lbs.

    CLASS B: Vehicle with a GVWR of 26,001 lbs. or more, and combination vehicles with a GCWR of 26,001 lbs. or more

AUG. 1998                                                              L MI 3


EXHIBIT 4

    towing a vehicle not more than 10,000 lbs. GVWR.

CLASS C: Small vehicles designed to carry 16 or more people including the driver, and small vehicles carrying hazardous materials in amounts requiring placarding.

ENDORSEMENT T: Double/triple trailers with class A designation (triple trailers are NOT permitted in Michigan).

ENDORSEMENT N: Tank vehicles with class A or B designation.

ENDORSEMENT H: Hazardous materials.

ENDORSEMENT P: Passenger vehicles with class A, B or C designation, designed to carry 16 or more persons (including the driver).

ENDORSEMENT X: Combination of N and H.

Non-commercial classes are as follows:

OPERATOR'S LICENSE: Valid for any non-commercial vehicle, including vehicles used only in farm work. Operator may need an endorsement required for certain types of vehicles. Minimum age is 18; 16 with completion of driver training. This license is indicated by "O" in license type field.

CHAUFFEUR'S LICENSE: Valid for all vehicles when driving for hire. Certain types of vehicles require an endorsement. Minimum age is 18; 16 with completion of driver education. License is indicated by "C" in license type field.

GRADUATED DRIVER LICENSE: Levels 1, 2, 3. See under Minor and Provisional Licenses.

MOPED: Must have a valid operator, chauffeur or a "moped only" license. Minimum age is 15.

MOTORCYCLE ENDORSEMENT: Required for the operation of a motorcycle. Driver must have a valid operator's or chauffeur's license, endorsed "OCY" or "CCY" in the type field on the license front. Minimum age is 18; 16 with completion of driver education and a motorcycle safety course.

3. License Data Significance

LICENSE NUMBER: Soundex system, 1 letter and 12 digits as follows:
   P   = first letter of last name
   865 = code of last name
   760 = code of first name
   021 = code of middle name
   781 = code of month and day of birth

DESCRIPTION FIELDS: License number, expires, name and address, date of birth, sex, height, eyes, type, endorsements, restrictions.

OTHER INFORMATION: Instructions regarding medical information and anatomical gift, driver's signature, unique number that incorporates Secretary of State (issuing) branch office number at bottom right.