IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 28 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk _O.N. Aedape_

| | | |
|---|---|---|
| Kopy Kat Services, Inc. and Patrick Mark DeSantos, | § § § | |
| Plaintiffs, | § § | |
| v. | § | CIVIL ACTION NO. B-01-019 |
| | § | |
| The Town of South Padre Island, Texas and Robert Rodriguez, | § § § | |
| Defendants. | § § | |

## ORDER

BE IT REMEMBERED that on February 28, 2001, the Court considered Plaintiffs' Application for Temporary Restraining Order and Brief in Support [Dkt. No. 7].

Temporary injunctive relief is an extraordinary equitable remedy that may be granted only if the Plaintiff establishes the following four elements: (1) a substantial likelihood of success on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is denied, (3) that the threatened injury outweighs any damage that the injunction might cause defendants, and (4) that the injunction will not disserve the public interest. See Sugar Busters LLC v. Brennan, 177 F.3d 258, 265 (5th Cir. 1998). However, Texas law generally requires a party to exhaust available administrative remedies before turning to the courts for relief. See City of Odessa v. Barton, 939 S.W.2d 707, 710 (Tex.App.--El Paso 1997), rev'd on other grounds, 967 S.W.2d 834 (1998); Harris County Appraisal Dist. v. Dincans, 882 S.W.2d 75, 77 (Tex.App.--Houston1994, writ denied).

In the instant matter, the Plaintiffs ask that this Court preclude the Town of South Padre Island and its agents from attempting to stop the Plaintiffs from operating a motor scooter rental business at 2013 Padre Boulevard. However, the Plaintiffs fail to demonstrate that they have exhausted the available administrative remedies in seeking relief from this Court. Specifically, the Plaintiffs have failed to show that they have

attempted to procure a permit to operate their business pursuant to the procedures set forth in Section 20-8.2(B)(2) of the Town of South Padre Zoning Codes: Chapter 20 of the Town's Code of Ordinances [Dkt. No. 7, Exh. 2]. As such, the Plaintiffs cannot demonstrate the first element, substantial likelihood of success on the merits.

Therefore, the Court hereby **DENIES** Plaintiffs' Application for Temporary Restraining Order and Brief in Support [Dkt. No. 7].

DONE at Brownsville, Texas, this 28th day of February 2001.

_____
Hilda G. Tagle
United States District Judge