```
IN THE UNITED STATES DISTRICT COURT
  FOR THE SOUTHERN DISTRICT OF TEXAS
          -BROWNSVILLE DIVISION-
```

United States District Court
Southern District of Texas
FILED

MAR 0 6 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| KOPY KAT SERVICES, INC. & <br> PATRICK MARK DESANTOS | * <br> * <br> * | |
| VS | * <br> * <br> * | C.A. NO. B-01-019 |
| TOWN OF SOUTH PADRE ISLAND, TEXAS <br> & ROBERT RODRIGUEZ | * <br> * | |

## CITY DEFENDANTS' MOTION
## TO DISMISS OR FOR SUMMARY DISPOSITION

May it Please the Court:

COME NOW DEFENDANTS, the TOWN OF SOUTH PADRE ISLAND, TEXAS (hereafter "TOWN"), and ROBERT RODRIGUEZ, Police Chief for the TOWN, in this lawsuit and file this Motion to Dismiss pursuant to Rule 12 and Rule 56 of the Federal Rules of Civil Procedure.

### NATURE OF THE LAWSUIT

Plaintiff, Patrick Mark Desantos, previously attempted to operate a motor scooter rental business in the TOWN. Plaintiff, owner of Kopy Kat Services Inc., attempted to operate the business at 2013 Padre Boulevard. And as alleged in Plaintiffs' Application for Temporary Restraining Order (hereafter "TRO"), 2013 Padre Boulevard is zoned in a C-2 District, which does not allow for the rental of motor scooters as a permitted use. Despite the prohibition of motor scooter rentals in a C-2 district, Plaintiffs

have filed this lawsuit against CITY DEFENDANTS asking the Court to unilaterally expand the scope of permitted uses in the C-2 District.

## PROCEDURAL HISTORY

Plaintiffs filed their TRO application on or about February 26, 2001. On February 28, 2001, the Court denied Plaintiffs' requested temporary injunctive relief. Pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure, CITY DEFENDANTS hereby file this Motion to Dismiss and for Summary Disposition.

## SUMMARY OF THE MOTION

CITY DEFENDANTS move to dismiss Plaintiffs' TRO because, on its face, Plaintiffs' TRO lacks subject matter jurisdictional facts, and thus, the Court is prevented from exercising jurisdiction over this lawsuit. See F.R.C.P. 12(b)(1).

To the extent that Plaintiffs' requested relief for a temporary restraining order has already been denied and because Plaintiffs request no other relief in addition to that which the Court has denied, there is no other claim for which relief can be granted. See F.R.C.P. 12(b)(6). Consequently, CITY DEFENDANTS request that Plaintiffs' lawsuit be dismissed.

## ARGUMENT AND AUTHORITIES

**I.   The Court lacks subject matter jurisdiction over this matter.**

Federal courts have no inherent subject matter jurisdiction, but instead, are courts of limited jurisdiction by origin and design. See *Oliver v. Trunkline Gas Co.*, 789 F.2d 341, 343 (5th Cir. 1986). Therefore, federal courts presumably lack subject matter jurisdiction to resolve a particular lawsuit. See *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

The presence or absence of a federal question is governed by the "well pleaded complaint rule" which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint. See *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). The well-pleaded complaint rule confines the search for federal question jurisdiction to the face of the complaint. See *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983).

Based on the above and on the face of Plaintiffs' complaint, CITY DEFENDANTS fail to identify a federal question at issue so as to confer the Court's subject matter jurisdiction over this matter. As such, CITY DEFENDANTS request that Plaintiffs' lawsuit be dismissed pursuant to F.R.C.P. 12(b)(1).

## II. Plaintiffs' complaint fails to identify a claim upon which relief can be granted.

CITY DEFENDANTS ask the Court to take judicial notice that, on the face of Plaintiffs' TRO, and specifically the Prayer, Plaintiffs' only ask for temporary restraining order. See Plaintiffs' TRO p. 8. Moreover, Plaintiffs' pleading is simply titled "Plaintiffs' Application for Temporary Restraining Order and Brief in Support." Despite briefly alluding to a possible "Temporary Injunction" hearing, the TRO's prayer is silent with respect to any request for a temporary injunction. See Plaintiffs' TRO pp.7-8.

Because on February 28, 2001, the Court denied Plaintiffs' request for a temporary restraining order and as there is no other pending claim or relief before the Court to adjudicate, Plaintiffs' lawsuit against CITY DEFENDANTS should be dismissed as there is no longer a controversy, or claim, for which relief can be granted. Based on this, Plaintiffs' suit against CITY DEFENDANTS should be dismissed as a matter of law.

### CONCLUSION

THEREFORE, based on any one or more of the foregoing reasons, the CITY DEFENDANTS hereby request that the Court order the following relief:

1. That Plaintiffs' lawsuit be dismissed for lack of subject matter jurisdiction in accordance with F.R.C.P. 12 (b)(1), and/or;

2. That Plaintiffs' lawsuit be dismissed for failing to state a claim upon which relief can be granted;

CITY DEFENDANTS further requests that upon final hearing of this case, that all relief sought by Plaintiffs be denied, that a take nothing judgment against Plaintiffs be entered. CITY DEFENDANTS further request any other additional and further relief, at law or in equity, to which they may be entitled.

SIGNED on the 6th day of March 2001.

Respectfully submitted,

**DENTON, McKAMIE & NAVARRO**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
Attorney in Charge
State Bar No. 14829100
So. Dist. ID No. 5953

_____
MAURO F. RUIZ
State Bar No. 24007960
So. Dist. ID No. 23774

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been sent by regular U.S. Mail unless otherwise indicated, to the person(s) listed below on this **6th** day of March 2001.

Mr. Scott E. Hayes         **Via Fax & CMMRRR 7000 1670 0013 4633 9990**
VIAL, HAMILTON, KOCH & KNOX, L.L.P.
1717 Main St., Suite 400
Dallas, Texas 75201

RICARDO J. NAVARRO
MAURO F. RUIZ

r:\KopyKats\dismiss1.motion

Kopy Kat: City Defendants Motion to Dismiss or
For Summary Disposition, and To Stay Discovery                  Page 6