12

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 6 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| KOPY KAT SERVICES, INC. AND PATRICK MARK DESANTOS, | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. B-01-019 |
| V. | § § | |
| THE TOWN OF SOUTH PADRE ISLAND, TEXAS AND ROBERT RODRIQUEZ, | § § § § § | |
| Defendants. | § | |

PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO DISMISS, AND BRIEF IN SUPPORT

COME NOW, Kopy Kat Services, Inc. and Patrick Mark DeSantos, Plaintiffs herein, and file

this Response to Defendants' Motion to Dismiss, and Brief in Support, and would show as follows:

I.

Statement of Issues to be Ruled Upon

In their Motion, Defendants seek dismissal, pursuant to Federal Rule of Civil

Procedure 12(b)(1) and 12(b)(6), of *only* the relief sought in Plaintiffs' Application for Temporary

Restraining Order. Defendants do not address nor seek any relief in their Motion as to any of the

claims in Plaintiffs' Original Complaint filed January 30, 2001. Additionally, while the footer to

Defendants' Motion refers to a "Stay of Discovery", no reference is made in Defendants' pleading to

any request to stay discovery, so such point will not be discussed herein.

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS, AND BRIEF IN SUPPORT - Page 1

## II.

### Summary of Argument

While Defendants seek dismissal of the relief sought in Plaintiffs' Application for Temporary Restraining Order, this Court, on February 28, 2001, denied Plaintiffs' Application for Temporary Restraining Order.  As such, the relief sought by Defendants at this time is unnecessary.  Additionally, this Court has subject matter jurisdiction over Plaintiffs' Application for Temporary Restraining Order through supplemental jurisdiction under 28 U.S.C.A. § 1367(a), based on Plaintiffs' claims in their Original Complaint actionable under 42 U.S.C.A. § 1983.

## III.

### Procedural Background

On January 30, 2001, Plaintiffs filed their Original Complaint and Application for Temporary Injunction.  Defendants were served with the Original Complaint on or about February 14, 2001.  On February 26, 2001, Plaintiffs filed their Application for Temporary Restraining Order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, and Rule 2 of this Court's Civil Procedures.  The Court denied Plaintiffs' Application for Temporary Restraining Order  by written Order dated February 28, 2001.  Plaintiffs have not at this time received any motions, responsive pleadings, or answers from Defendants as to the allegations in Plaintiff's Complaint filed January 30, 2001.  Plaintiffs have not moved for a default judgment on their claims in their Original Complaint because it appears Defendants are not required to file an answer at this time as to Plaintiffs' claims in their Original Complaint because Defendants'  Motion seeking to partially dismiss the relief sought enlarges the time for Defendants to file an answer until the Court rules on Defendants' attempt to dismiss the relief of a temporary restraining order.  See Brocksopp Engineering, Inc. v. Bach-Simpson Ltd., 136 F.R.D. 485, 487 (E.D. Wis. 1991).

## IV.

### Defendants' Motion is Moot

In their Motion, Defendants seek to dismiss Plaintiffs' request for a temporary restraining order. As referenced above, on February 28, 2001, the Court denied Plaintiffs' Application for Temporary Restraining Order. A dismissal of Plaintiffs' Application for Temporary Restraining Order on the grounds sought by Defendants appears to be inconsistent with the fact that the Court has already denied the relief sought. In any event, Plaintiffs below will attempt to respond to Defendants' assertions.

## V.

### This Court has Subject Matter Jurisdiction over the Request for a Temporary Restraining Order

Defendants seek dismissal of Plaintiffs' Application for Temporary Restraining Order on the ground that the Court does not have subject matter jurisdiction over the relief sought of a temporary restraining order. It must be immediately pointed out that the Court has already denied the Application for Temporary Restraining Order. In any event, this Court does have jurisdiction over Plaintiffs' request for a temporary restraining order, through supplemental jurisdiction, pursuant to 28 U.S.C.A. § 1367(a), which provides in relevant part:

> "[I]n any civil action of which the district courts have original jurisdiction, the district
>
> courts shall have supplemental jurisdiction over all other claims that are so related to
>
> the claims in the action within such original jurisdiction that they form part of the
>
> same case or controversy under Article III of the United States Constitution. . . ."

28 U.S.C.A. § 1367(a); see MCI Telecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1102-03 (3d Cir. 1995), cert. denied 117 S.Ct. 64, 519 U.S. 815, 136 L.Ed.2d 25. Defendants raise

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS, AND BRIEF IN SUPPORT - Page 3

no issue or dispute whatsoever that this Court has jurisdiction as to Plaintiffs' claims raised in their Original Complaint, including the federal question presented pursuant to 28 U.S.C.A. §§ 1331 and 1343, by Plaintiffs' claims actionable under 42 U.S.C.A. § 1983. Nor do Defendants offer any explanation as to why the Court may decline supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367(c). The request for temporary restraining order merely requested relief to stop part of the continued conduct by Defendants against Plaintiffs actionable under 42 U.S.C. § 1983.

## VI.

### Defendants' Rule 12(b)(6) Motion Should Be Denied

Defendants also seek dismissal of the Application for Temporary Restraining Order under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), a court may dismiss a claim for relief only where the facts alleged by the plaintiff if taken as true, still fail to allege a claim which would entitle the plaintiff to relief. Neitzke v. Williams, 490 U.S. 325, 326 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). As noted above, this Court has already denied Plaintiffs' Application for Temporary Restraining Order. However, Plaintiffs' Application for Temporary Restraining Order alleges facts that would entitle Plaintiffs to the relief sought, i.e., that (1) there was a substantial likelihood of the plaintiff's success on the merits; (2) there was a substantial threat that the plaintiff would suffer irreparable injury if the relief was denied; (3) the threatened injury outweighs any damage that the injunction might cause defendant; and (4) the injunction will not disserve the public interest. See Sugar Busters LLC v. Brennan, 177 F.3d 258, 265 (5th Cir. 1998). Additional support for the relief sought is set out in Federal Rule of Civil Procedure 65(b) and this Court's Civil Procedures. This Court denied the temporary restraining order relief on the basis that the proof submitted was not sufficient, not of any deficiency in the factual allegations. Defendants' relief under Rule 12(b)(6) should be denied.

# VII.

## Conclusion

Rather than addressing the merits of the case, Defendants' initial response to the lawsuit, which seeks a partial dismissal (and only of relief already denied by the Court), appears to be nothing more than a delaying tactic. This Court has subject matter jurisdiction over the relief sought in Plaintiffs' Application for Temporary Restraining Order through supplemental jurisdiction afforded the Court in 28 U.S.C.A. § 1367(a), and Plaintiffs' Application for Temporary Restraining Order alleges sufficient facts for the relief requested, and the relief sought is one which the Court could have afforded Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants' Motion to Dismiss be denied, and that Defendants be required to file an answer to Plaintiffs' Original Complaint within 10 days of such order denying Defendants' Motion.

Respectfully submitted,

VIAL, HAMILTON, KOCH & KNOX, L.L.P.
1717 Main Street, Suite 4400
Dallas, Texas  75201
Phone:      (214) 712-4540
FAX:        (214) 712-4402

By:        _Scott Hayes_____
        SCOTT E. HAYES
        State Bar No. 09280050
        Southern District Federal #25403

ATTORNEY FOR PLAINTIFFS KOPY KAT SERVICES,
INC. AND PATRICK MARK DESANTOS


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Plaintiffs' Response to Defendants' Motion to Dismiss has been forwarded to Mr. Ricardo J. Navarro, Denton, McKamie & Navarro, 222 E. Van Buren, Suite 405, Harlingen, Texas 78550, by certified mail, return receipt requested, on March 26, 2001.

_Scott Hayes_____
Scott Hayes

130411.1