*13*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
FILED

MAY 0 1 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| KOPY KAT SERVICES, INC. & | * | |
| PATRICK MARK DESANTOS | * | |
| | * | |
| VS | * | |
| | * | C.A. NO. B-01-019 |
| | * | |
| TOWN OF SOUTH PADRE ISLAND, TEXAS | * | |
| & ROBERT RODRIGUEZ | | |

## CITY DEFENDANTS' REPLY TO
## PLAINTIFFS' RESPONSE BRIEF

May it Please the Court:

COME NOW DEFENDANTS, the TOWN OF SOUTH PADRE ISLAND, TEXAS
(hereafter "TOWN"), and ROBERT RODRIGUEZ, Police Chief for the
TOWN, in this lawsuit and file this Reply to Plaintiffs' Response
to CITY DEFENDANTS' Motion to Dismiss pursuant to Rule 12 and Rule
56 of the Federal Rules of Civil Procedure.

### SUMMARY OF THE REPLY

1.   CITY DEFENDANTS move to dismiss the entire lawsuit brought by
     Plaintiffs'.

2.   There is no basis for default because CITY DEFENDANTS are
     under no duty to file an Answer where there is 12 (b) motion
     on file that has not been ruled on by the Court.

### ARGUMENT AND AUTHORITIES

I.   **Plaintiffs' Response Brief Asserting That City Defendants Seek
     Partial Dismissal is Incorrect Because City Defendants Seek a
     Full Dismissal of Plaintiffs' Lawsuit for Lack of Subject
     Matter Jurisdiction.**

Kopy Kat: City Defendants' Reply Brief

According to Plaintiffs' response brief, CITY DEFENDANTS' F.R.C.P. 12(b) Motion "(Rule 12 (b) Motion)" seeks to "partially dismiss" Plaintiffs' suit.    This, however, is an incorrect statement.

CITY DEFENDANTS ask this Court to take judicial notice that the pending Rule 12 (b) Motion asserts the Court's lack of jurisdiction over this entire lawsuit as there is no federal question at issue. Consequently, CITY DEFENDANTS seek to dismiss the entire lawsuit for lack of jurisdiction.    In fact, the Court lacks general and supplemental jurisdiction over the case at bar.

Further, CITY DEFENDANTS also assert and re-urge in this Reply brief, in further support of full dismissal, that there is no claim for relief that can be further granted, denied or, for that matter, even considered by the COURT.  The Court's February 28, 2001, Order denied Plaintiffs' request for a temporary restraining order, and there is no other requested relief in Plaintiffs' Complaint for this Court to consider.

## II.  City Defendants Are Under No Duty to File an Answer Where a F.R.C.P. 12 (b) is on file with the Court.

Plaintiffs' response brief alludes to a potential default judgment against CITY DEFENDANTS' for not having an Answer on file with the Court.   Rule 12 (b) indicates that Plaintiffs' misstate the law.

Kopy Kat: City Defendants' Reply Brief

A reading of Rule 12 (b) indicates that affirmative defenses, such as lack of subject matter jurisdiction, should be asserted in a "responsive pleading." There is an exception, though. Rule 12 (b) makes clear and that the affirmative defenses identified in Rule 12 (b)(1-7), may be made by motion. More importantly, the Rule states "A motion making any of these defenses **shall be made before pleading** if a further pleading is permitted." CITY DEFENDANTS have followed Rule 12 (b) as they have asserted the affirmative defense of lack of jurisdiction in a motion prior to a responsive pleading. For this reason, Plaintiffs' assertion in their responsive brief alluding to a potential default judgment is completely without merit.

## CONCLUSION

THEREFORE, based on any one or more of the foregoing reasons, the CITY DEFENDANTS hereby re-urge that the Court order the following relief:

1. That Plaintiffs' lawsuit be dismissed for lack of subject matter jurisdiction in accordance with F.R.C.P. 12 (b)(1), and/or;

2. That Plaintiffs' lawsuit be dismissed for failing to state a claim upon which relief can be granted;

CITY DEFENDANTS further requests that upon final hearing of this case, that all relief sought by Plaintiffs be denied, that a take nothing judgment against Plaintiffs be entered. CITY

Kopy Kat: City Defendants' Reply Brief

DEFENDANTS further request any other additional and further relief, at law or in equity, to which they may be entitled.

SIGNED on the ⎯⎯ day of May, 2001.

Respectfully submitted,

**DENTON & NAVARRO**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
RICARDO J. NAVARRO
Attorney in Charge
State Bar No. 14829100
So. Dist. ID No. 5953
MAURO F. RUIZ
State Bar No. 24007960
So. Dist. ID No. 23774

Kopy Kat: City Defendants' Reply Brief

Page 4

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been sent by regular U.S. Mail unless otherwise indicated, to the person(s) listed below on this __1st__ day of March 2001.

Mr. Scott E. Hayes       **Via CMMRRR 7000 1670 0013 4633 9730**
VIAL, HAMILTON, KOCH & KNOX, L.L.P.
1717 Main St., Suite 400
Dallas, Texas 75201


RICARDO J. NAVARRO
MAURO F. RUIZ


r:\KopyKats\dismiss1.replybrf

Kopy Kat: City Defendants' Reply Brief

Page 5