/4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
FILED

MAY 03 2001

Michael N. Milby
Clerk of Court

KOPY KAT SERVICES, INC. &   *
PATRICK MARK DESANTOS   *
  *
VS   *
  *   C.A. NO. B-01-019
  *
TOWN OF SOUTH PADRE ISLAND, TEXAS   *
& ROBERT RODRIGUEZ

### CITY DEFENDANTS' ANSWER

May It Please The Court.

 COMES NOW, the TOWN OF SOUTH PADRE, ISLAND, TEXAS (hereafter, "the TOWN" or "the CITY" or "SPI") and ROBERT RODRIGUEZ (hereafter "RODRIGUEZ") (collectively "CITY DEFENDANTS") and file this Original Answer to Plaintiff's Original Complaint and Application for Temporary Injunction (hereafter "Original Petition") pursuant to the Federal Rules of Civil Procedure.

### General Denial

1.  Except for those factual matters specifically admitted below, CITY DEFENDANTS generally deny all material allegations contained in Plaintiffs' Original Petition and call upon Plaintiffs to prove their allegations by a preponderance of the evidence as required by law.

KopyKats: City Defendants' Answer     Page 1

## AFFIRMATIVE DEFENSES

**Sovereign Immunity**

2. CITY DEFENDANTS hereby asserts the affirmative defense of sovereign immunity from any and all state, federal or common law causes of action asserted by Plaintiffs to the fullest extent allowed by law.

**Notice and Statute of Limitations Requirements**

3. CITY DEFENDANTS hereby plead as a defense, Plaintiffs' failure to meet any applicable notice, statute of limitations, or any filing requirement imposed by law as a precondition to the court's exercise of jurisdiction over this matter and the imposition of any liability.

**Exhaustion**

4. CITY DEFENDANTS hereby assert as a defense Plaintiffs' failure to exhaust all necessary and reasonable remedies if any made available to him under Federal, State and/or Common Law, providing for administrative and judicial review of common law.

**Statutory Caps**

5. CITY DEFENDANTS hereby assert and plead as a defense their entitlement to any and all limitations on liability allowed by law.

## No Claim Stated

6.  CITY DEFENDANTS hereby assert and plead that Plaintiffs have failed to plead a claim cognizable at law and subject to dismissal as a matter of law.

## Qualified Immunity

7.  CITY DEFENDANTS, and specifically ROBERT RODRIGUEZ, hereby assert the affirmative defense of qualified immunity from any and all federal causes of action asserted by Plaintiffs to the fullest extent allowed by law.

### Admissions & Denials

8.  With respect to Paragraphs 1-4 of Plaintiffs' Complaint, no Rule 8 response is necessary.

9.  With respect to Paragraphs 5-6 of Plaintiffs' Complaint, CITY DEFENDANTS admit that jurisdiction and venue are proper in this Court.

10. With respect to Paragraphs 7-8 of Plaintiffs' Complaint, CITY DEFENDANTS admit that a citation was issued to Ester Levy, the owner of the property, which was later withdrawn. CITY DEFENDANTS deny Plaintiffs' characterization of the remaining facts as alleged in these paragraphs.

11. With respect to Paragraphs 9-10 of Plaintiffs' Complaint, CITY DEFENDANT admit that enforcement officers made an inquiry as to the status of the motor scooters alleged in this paragraph.

CITY DEFENDANTS deny Plaintiffs' characterization of the remaining facts in these paragraphs.

12. With respect to Paragraph 11 of Plaintiffs' Complaint, CITY DEFENDANTS admit that an SPI police stopped minors who he suspected were not legally allowed to operate mopeds in Texas. CITY DEFENDANTS deny the remaining material and factual allegations contained in these paragraphs.

13. With respect to Paragraph 12 of Plaintiffs' Complaint, CITY DEFENDANTS admit that Plaintiff and his attorney discussed the minors' ability to legally drive mopeds in Texas with Officer Charles Morrison of the SPI Police Department. CITY DEFENDANTS deny the remaining factual characterization contained in this paragraph.

14. With respect to Paragraph 13 of Plaintiffs' Complaint, CITY DEFENDANTS deny the material and factual allegations contained in this paragraph.

15. With respect to Paragraph 14 of Plaintiffs' Complaint, CITY DEFENDANTS deny the factual characterization contained in this paragraph.

16. With respect to Paragraph 15 of Plaintiffs' Complaint, CITY DEFENDANTS deny the characterization of the material and factual allegations contained in this paragraph.

17. With respect to Paragraphs 16-17 of Plaintiffs' Complaint, CITY DEFENDANTS admit that warrant for Plaintiff Desantos'

arrest was issued and that property was confiscated. CITY DEFENDANTS admit that an employee of Plaintiff Desantos was arrested.

18. With respect to Paragraphs 18 of Plaintiffs' Complaint, CITY DEFENDANTS have already admitted or denied as to Paragraphs 7-17 as referenced in Paragraph 18, and thus, no rule 8 response is necessary.

19. With respect to Paragraph 19 of Plaintiffs' Complaint, CITY DEFENDANTS deny the material factual allegations contained in this paragraph.

20. With respect to Paragraph 20 of Plaintiffs' Complaint, CITY DEFENDANTS have already admitted or denied as to Paragraphs 7-17 as referenced in Paragraph 20, and thus, no Rule 8 response is necessary.

21. With respect to Paragraph 21 of Plaintiffs' Complaint, CITY DEFENDANTS admit that Plaintiff Desantos was advised that the zoning regulations of SPI did not allow for operation of a moped rental business at 2013 Padre Boulevard.

22. With respect to Paragraphs 22-23 to the extent that the paragraphs represent the SPI zoning ordinance, no Rule 8 response is necessary.

23. With respect to Paragraph 22-23 of Plaintiffs' Complaint, CITY DEFENDANT admit it can regulate land use and that 2013 Padre Boulevard lies in its C-2 zoning district.

24. With respect to Paragraph 24 of Plaintiffs' Complaint, CITY DEFENDANTS deny the material factual allegations contained in this paragraph.

25. With respect to Paragraph 25 of Plaintiffs' Complaint, CITY DEFENDANTS have already admitted or denied as to Paragraphs 7-17 as referenced in Paragraph 20, and thus, no Rule 8 response is necessary.

26. With respect to section one of Paragraph 26 of Plaintiffs' Complaint, CITY DEFENDANTS deny the material factual allegations contained in this paragraph.

27. With respect to section two of Paragraph 26 for which Plaintiffs identify the relief requested, CITY DEFENDANTS deny the material factual allegations contained in this paragraph.

### CONCLUSION AND PRAYER

Therefore, based on any one or more of the foregoing reasons, CITY DEFENDANTS, the TOWN OF SOUTH PADRE ISLAND and ROBERT RODRIGUEZ, request that the Court deny Plaintiffs' claims for relief in their entirety and dismiss this lawsuit with prejudice.

The CITY further prays for such other additional relief at law or in equity to which he may be entitled, including costs of court and attorneys fees if appropriate.

SIGNED on the 3rd day of May, 2001.

Respectfully Submitted,

**DENTON & NAVARRO**
A Professional Corporation
Bank of America Building
222 E. Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
So. Dist. ID No. 5953

_____
MAURO F. RUIZ
State Bar No. 24007960
So. Dist. ID No. 23774

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been sent by regular U.S. Mail unless otherwise indicated, to the person(s) listed below on this 3rd day of May, 2001.

Mr. Scott E. Hayes           **Via Fax & CMMRRR 7000 1670 0013 4633 9723**
VIAL, HAMILTON, KOCH & KNOX, L.L.P.
1717 Main St., Suite 400
Dallas, Texas 75201

RICARDO J. NAVARRO
MAURO F. RUIZ