*16*

United States District Court
Southern District of Texas
FILED

JUN 0 4 2001

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| KOPY KAT SERVICES, INC. AND PATRICK MARK DESANTOS, | § § § § | |
| Plaintiffs, | § § | |
| v. | § | CIVIL ACTION NO. B-01-019 |
| THE TOWN OF SOUTH PADRE ISLAND, TEXAS AND ROBERT RODRIQUEZ, | § § § § | |
| Defendants. | § § | |

**JOINT REPORT OF THE MEETING & JOINT DISCOVERY/CASE MANAGEMENT
PLAN UNDER RULE 26(f) FEDERAL RULE OF CIVIL PROCEDURE**

TO THE HONORABLE COURT:

COME NOW Kopy Kat Services, Inc. and Patrick Mark DeSantos ("Plaintiffs") and The

Town of South Padre Island, Texas and Robert Rodriguez ("Defendants"), and file this their Joint

Report of the Meeting & Joint Discovery/Case Management Plan Under Rule 26(f) Federal Rule of

Civil Procedure, as follows:

1.  **State where and when the meeting of the parties required by Rule 26(f) was held, and
    identify the counsel who attended for each party.**

    Counsel for the parties conferred by telephone on May 22, 2001. Scott E. Hayes

    attended for Plaintiffs; Mauro F. Ruiz attended for Defendants.

2.   **List the cases related to this one that are pending in any state or federal court with the case number and court.**

There are no related cases pending before any court.

3.   **Specify the allegation of federal jurisdiction.**

The Court has jurisdiction of this action pursuant to a federal question.

4.   **Name the parties who disagree and the reasons.**

Not applicable.

5.   **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

At this time, Plaintiffs and Defendants do not believe that any other parties will be

included in this action.

6.   **List anticipated interventions.**

At this time, Plaintiffs and Defendants are unaware of any anticipated interventions.

7.   **Describe class-action issues.**

There are no class-action issues involved in this matter.

-2-

8.    **State whether each party represents that it has made the initial disclosure required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

To date, neither party has made its initial disclosure as required by Rule 26(f). The parties agree that initial disclosures will be completed and served by June 11, 2001.

9.    **Describe the proposed agreed discovery plan, including:**

A.    **Responses to all the matters raised in Rule 26(f).**

As discussed below and herein.

B.    **When and to whom the plaintiffs anticipate it may send interrogatories.**

Plaintiffs anticipate sending interrogatories to Defendants by the end of June, 2001.

C.    **When and to whom the defendants anticipate it may send interrogatories.**

Defendants anticipate sending interrogatories to Plaintiffs by July 31, 2001.

D.    **Of whom and by when the plaintiffs anticipate taking oral depositions.**

Plaintiffs anticipate taking the oral depositions of Robert Rodriguez (Defendant), Charles Morrison (former South Padre Island police officer), Leopoldo Garcia, Jr. (officer with South Padre Island Code Enforcement Department), Jose Valdez (South Padre Island police officer); Chrystal Vanderheyden, Timothy Krull, Alan Sarzynski, Richard Chrostowski, Gina Lalama  (all residents of Michigan who rented mopeds from Plaintiff Kopy Kat Services, Inc.); Jay _____ (South Padre Island Code Enforcement

-3-

CIMPDF - www.lexisa.com

division); the former South Padre Island Police Chief.  In addition, Plaintiffs

may later choose to take the depositions of those people Defendants identify

as having knowledge of facts regarding this action, including any experts

designated by Defendants and of other individuals learned of through

discovery.  These depositions will be taken over the next six months.


**E.**     **Of whom and by when the defendants anticipate taking oral depositions.**

Defendants reserve the right to take the deposition of Patrick Mark DeSantos

and any experts designated by Plaintiffs.


**F.**     **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

If experts are designated by Plaintiffs, they will be designated by September

24, 2001. If experts are designated by Defendants, they will be designated by

November 12, 2001.


**G.**     **List of expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.**

If experts are designated, the parties anticipate taking the depositions of such

experts and such depositions will be completed within two months after

designation.

**H.    List expert deposition the opposing party anticipates taking and their anticipated completion date.**

If experts are designated, the parties anticipate taking the depositions of such

experts and such depositions will be completed within two months of

designation.

**10.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties are in agreement as to the above described discovery plan, except as noted

below:

Defendants are not in agreement with the scope of Plaintiffs' anticipated depositions, namely

those fact witness who have already been deposed by Plaintiffs.  These individuals include

Charles Morrison, Leopoldo Garcia, Jr. and Officer Jose Valdez.

Defendants further object to taking the depositions of the listed Michigan residents as they

are not necessary in that Plaintiffs' counsel has previously examined Officers Jose Valdez and

Charles Morrison regarding that incident.  These police officers handled the matter pertaining

to the Michigan minors' moped rentals.

Moreover, because this lawsuit is brought under 42 U.S.C. §1983, entitling Plaintiffs to

reasonable attorney's fees if they attain prevailing party status, Defendants reserve the right

to object to the recovery of attorney's fees with respect to the depositions objected to in this

paragraph (10) on the ground that time and resources expended would be duplicative and

unnecessary as part of the "lodestar" analysis.

-5-

11.    **Specify the discovery beyond initial disclosures that has been undertaken to date.**

Prior to filing suit, depositions were taken pursuant to TEXAS RULES OF CIVIL PROCEDURE 202 of Robert Rodriguez, Leopoldo Garcia, Jr., Charles Morrison, Jose Valdez (all by Plaintiffs) and Patrick Mark DeSantos (by Defendants).

12.    **State the date the planned discovery can reasonably be completed.**

The parties believe that discovery can be completed by January 31, 2002.

13.    **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties have not agreed to resolve this matter at this time. Perhaps with limited discovery, the parties may be in a position to engage in settlement negotiations at a later time.

14.    **Describe what each party has done or agree to do to bring about a prompt resolution.**

The parties have not agreed to resolve this matter at this time. Perhaps with limited discovery, the parties may be in a position to engage in settlement negotiations at a later time.

15.    **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The parties have not agreed to resolve this matter at this time. Perhaps with limited discovery, the parties may be in a position to engage in settlement negotiations at a later time.

16.  **Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.**

The parties are unable to agree on this issue at this time.

17.  **State whether a jury demand has been made and if it was made on time.**

Plaintiffs requested a jury trial in their Original Complaint.

18.  **Specify the number of hours it will take to present the evidence in this case.**

At this time, the parties estimate 10 to 20 hours to present the evidence.

19.  **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None at this time.

20.  **List other motions pending.**

No motions are currently pending.

21.  **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

Plaintiffs intend to take the depositions of Robert Rodriguez, Leopoldo Garcia, Jr.,

Charles Morrison, and Jose Valdez.  Defendants object to the depositions based on

the fact previous depositions were taken of them pursuant to TEXAS RULES OF CIVIL

PROCEDURE 202.

-7-

CSitPDF - www.fastio.com

Additionally, Defendants are not in agreement with the scope of Plaintiffs' anticipated depositions, namely those fact witness who have already been deposed by Plaintiffs. These individuals include Charles Morrison, Leopoldo Garcia, Jr. and Officer Jose Valdez.

Defendants further object to taking the depositions of the listed Michigan residents as they are not necessary in that Plaintiffs' counsel has previously examined Officers Jose Valdez and Charles Morrison regarding that incident. These police officers handled the matter pertaining to the Michigan minors' moped rentals.

Moreover, because this lawsuit is brought under 42 U.S.C. §1983, entitling Plaintiffs to reasonable attorney's fees if they attain prevailing party status, Defendants reserve the right to object to the recovery of attorney's fees with respect to the depositions objected to in this paragraph (10) on the ground that time and resources expended would be duplicative and unnecessary as part of the "lodestar" analysis.

22.  **List the names, bar numbers, addresses and telephone numbers of all counsel.**

Scott E. Hayes
State Bar No. 09280050
So. Dist ID No.25403
VIAL, HAMILTON, KOCH & KNOX, L.L.P.
1717 Main Street, Suite 4400
Dallas, TX 75201
(214) 712-4400
(214) 712-4402 (Fax)
*Attorneys for Plaintiffs*

CMPDF - www.texla.com

Ricardo J. Navarro
State Bar No. 14829100
So. Dist. ID No. 5953
Mauro F. Ruiz
State Bar No. 24007960
So. Dist. ID No. 23774
DENTON & NAVARRO
A Professional Corporation
Bank of America Building
222 E. Van Buren, Suite 405
Harlingen, TX 78560
(956) 421-4904
(956) 421-3621 (Fax)
*Attorneys for Defendants*

ClikPDF - www.fastio.com

Respectfully submitted,

SCOTT E. HAYES
State Bar No. 09280050
So. Dist. ID No.25403
VIAL, HAMILTON, KOCH & KNOX, L.L.P.
1717 Main Street, Suite 4400
Dallas, TX 75201
(214) 712-4400
(214) 712-4402 (Fax)

ATTORNEYS FOR PLAINTIFFS

RICARDO J. NAVARRO
State Bar No. 14829100
So. Dist. ID No. 5953
MAURO F. RUIZ
State Bar No. 24007960
So. Dist. ID No. 23774
DENTON & NAVARRO
A Professional Corporation
Bank of America Building
222 E. Van Buren, Suite 405
Harlingen, TX 78560
(956) 421-4904
(956) 421-3621 (Fax)

ATTORNEYS FOR DEFENDANTS

135489.1

-10-