United States District Court
Southern District of Texas
FILED

JUN 26 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| KOPY KAT SERVICES, INC. AND PATRICK MARK DESANTOS, <br><br> Plaintiffs, <br><br> V. <br><br> THE TOWN OF SOUTH PADRE ISLAND, TEXAS AND ROBERT RODRIQUEZ in his official capacity, <br><br> Defendants. | § § § § § § § § § § § § § § § § CIVIL ACTION NO. B-01-019 <br><br> JURY DEMAND |

## PLAINTIFFS' FIRST AMENDED COMPLAINT, AND APPLICATION FOR TEMPORARY INJUNCTION

COME NOW, Kopy Kat Services, Inc. and Patrick Mark DeSantos, Plaintiffs herein, and file this their First Amended Complaint against the Town of South Padre Island, Texas, and Robert Rodriquez, in his official capacity, and state as follows:

### Parties

1. Kopy Kat Services, Inc. is a Texas corporation with its principal place of business in Dallas, Texas.

2. Patrick Mark DeSantos is an individual resident of the State of Texas.

3. The Town of South Padre Island, Texas is before the Court and may be served through its counsel.

4. Robert Rodriquez is before the Court, and he may be served through his counsel.

**PLAINTIFFS' ORIGINAL COMPLAINT AND
APPLICATION FOR TEMPORARY INJUNCTION - Page 1**

## Jurisdiction and Venue

5.   This Court has jurisdiction to hear this case because Defendants are being sued under the provisions of 42 U.S.C. § 1983. Therefore, this case presents a federal question for the determination by this Court.

6.   Venue is proper in this Court because the acts and omissions complained of took place in the Southern District of Texas.

## BACKGROUND FACTS

7.   In the afternoon of Saturday, April 15, 2000, Mark DeSantos, the owner of Kopy Kat Services, Inc., began unloading motor scooters on the property of Gulf Coast Beachwear at 2013 Padre Boulevard in South Padre Island and attaching "Rent Me" signs onto the motor scooters. Within an hour, an individual stating that he was with the South Padre Island Code Enforcement Division arrived on the scene and announced to Mr. DeSantos that it was a violation to attach the "Rent Me" signs to the motor scooters, without some sort of permit, and that Mr. DeSantos must immediately stop doing so. Several hours later, another South Padre Island Code Enforcement Division individual, Leopoldo Garcia, Jr., arrived at 2013 Padre Boulevard and told Mr. DeSantos that he could not park the motor scooters on the parking lot in front of Gulf Coast Beachwear, and then Mr. Garcia proceeded to write a citation to the owner of such property, apparently on the grounds that there was a violation of Section 20-14 of the ordinances of South Padre Island because there were insufficient parking spaces for the motor scooters to be on the parking lot. A copy of such citation is attached hereto as Exhibit "1".

8.   On Monday morning, April 17, 2000, Mr. Garcia stated the citation relating to parking spaces was withdrawn, and additionally, he admitted that there was not a problem with the attachment of

the "Rent Me" signs to the motor scooters, despite the directives to that effect by the other Code Enforcement Division individual less than forty-eight hours previously.

9. Later in the day on April 17, 2000, a South Padre Island Code Enforcement Division individual went to Mr. DeSantos's private residence at the LaConcha Condos at 2500 Gulf Boulevard in the Town of South Padre Island and demanded answers from the manager of the LaConcha Condos regarding two motor scooters parked near Mr. DeSantos's condo unit.

10. Between April 15 and April 24, 2000, South Padre Island police officers frequently drove by or stopped near Mr. DeSantos's business, monitoring Mr. DeSantos's actions.

11. On April 24, 2000, the first day that Kopy Kat Services, Inc. began renting the motor scooters, Officer Jose Valdez of the South Padre Island Police Department, at approximately 4:00 p.m., approached five individuals who had rented mopeds from Kopy Kat Services, Inc. thirty minutes earlier. A copy of the drivers' licenses is attached hereto as Exhibit "2", and their statements of events attached as Exhibit "3". Officer Valdez told the individuals that they could not operate the mopeds because they did not have Texas operator licenses that allowed for the operation of mopeds. Officer Valdez made the individuals leave the mopeds in a parking lot and threatened them against further operation of the mopeds, and he additionally told them that he was going to ticket Mr. DeSantos for illegally renting the mopeds to individuals not licensed to operate them. Later that afternoon, Officer Valdez came to Kopy Kat Services, Inc.'s office and advised Mr. DeSantos that a Texas operator's license was required to operate a moped in Texas. Officer Valdez handed Mr. DeSantos a copy of the Texas Transportation Code § 521.460, and said that Mr. DeSantos was in violation of such provision relating to renting of vehicles. Mr. DeSantos advised Officer Valdez of Texas Transportation Code § 521.030, titled "Reciprocal License", which allows for the operation

<u>**PLAINTIFFS' ORIGINAL COMPLAINT AND**</u>
<u>**APPLICATION FOR TEMPORARY INJUNCTION - Page 3**</u>

of a vehicle if a non-resident may operate that type of vehicle in the non-residents home state.

Section 521.030 of the Transportation Code provides in part:

> (b) A nonresident who is 16 years of age or older and who has in the person's possession a license issued to the person by the person's state or Canadian province of residence may operate a type of motor vehicle that is permitted to be operated with a Class C or Class M driver's license in this state if the license held by the nonresident permits operation of that type of vehicle in the person's state or province of residence.

Officer Valdez disagreed, stating that the Michigan individuals could not operate mopeds in Texas. Knowing that a great majority of the moped rental customers were from out of state, Officer Valdez's pronouncement effectively shut down Mr. DeSantos's business.

12. On April 25, 2000, Mr. DeSantos and his counsel attempted to meet with then-Acting Chief Robert Rodriquez regarding the pattern of harassment and illegal action taken by the Police and Code Enforcement officers, all under Chief Rodriquez's command and direction. While a meeting was scheduled at 4:00 p.m. that day, Chief Rodriquez did not show up and in his place was Officer Charles Morrison of the South Padre Island Police Department (who has subsequently left the force) and another officer. The discussion centered around the actions of Officer Valdez on April 24 as to the five Michigan individuals on the mopeds from Kopy Kat Services, Inc. Officer Morrison initially concurred that he understood that Section 521.030 (Reciprocal License) of the Transportation Code allows individuals to operate mopeds if they can operate them in their home state. He then stated that Michigan law required a motorcycle or moped endorsement, and that the five Michigan individuals did not have such. Officer Morrison then pulled out a copy of a summary of the relevant Michigan statute, which stated: "Moped: Must have a valid operator, chauffeur, or a "moped only" license. Minimum age is 15." A copy of the information provided by Officer Morrison is attached hereto as

<u>**PLAINTIFFS' ORIGINAL COMPLAINT AND**</u>
<u>**APPLICATION FOR TEMPORARY INJUNCTION  - Page 4**</u>

Exhibit "4". Officer Morrison then admitted a moped endorsement was not required in Michigan and that his previous statement was wrong, and then he decided that it was a legal issue and abruptly ended the meeting. Mr. DeSantos and his counsel then went to the office of Paul Cunningham, Attorney for the Town of South Padre Island for some type of explanation as to the actions by the South Padre Island Police Department and the Code Enforcement Division. Mr. Cunningham was not at his office. Counsel for Mr. DeSantos left his name, telephone number and business card and requested that Mr. Cunningham call him regarding the matter. Only weeks later did Mr. Cunningham call, claiming no knowledge of the matter.

13. Mr. DeSantos's motor scooter business is certainly no surprise to the Chief Rodriquez or the Town of South Padre Island. In February, 2000, Mr. DeSantos, Mayor Ed Cyganawicz, who was also the attorney representing Mr. DeSantos and his interest (and as discussed below, he also represented Mr. DeSantos regarding the Town of South Padre Island's raid of his other business), and Chief Rodriquez (or Detective Jaime Rodriguez) met to discuss the possible opening of a motor scooter rental business by Mr. DeSantos on South Padre Island. The meeting went well and both Mayor Cyganawicz and Chief Rodriquez (or Detective Jaime Rodriguez) endorsed the idea as something that would be of great benefit to South Padre Island. Mr. DeSantos has subsequently spent a great amount of time, effort, and money to prepare for the opening of the motor scooter business, Kopy Kat Services, Inc. However, the Town of South Padre Island did not want Mr. DeSantos to operate such a business and has engaged in a course and pattern of illegal and intentional means as discussed above to effectively shut the business down.

14. The actions involving the mopeds is not the first attempt by the South Padre Island Police Department and Code Enforcement Division to shut down a business that Mr. DeSantos operates.

**PLAINTIFFS' ORIGINAL COMPLAINT AND
APPLICATION FOR TEMPORARY INJUNCTION - Page 5**

Mr. DeSantos also owns and operates a business, Digital Imaging Associates, Inc., in South Padre Island. The business involves manufacturing novelty products, including identification cards.

15. The South Padre Island Code Enforcement Division and the Police Department used the same *modus operandi* to attempt to shut down that business. In 1998, South Padre Island Code Enforcement individuals came to the Digital Imaging Associates, Inc. business and made verbal complaints regarding the business. Mr. DeSantos also received a form of a "cease and desist" letter from the South Padre Island Police Department threatening to shut down the operation of the business, and he received similar correspondence from the Cameron County District Attorneys' office. These actions continued in 1999. On March 25, 1999, an employee of Digital Imaging Associates, Inc., Jason Alexander, received a ticket from a South Padre Island Code Enforcement Department individual, Thomas Deckard, regarding a sign at the business. Like the citation relating to the parking spaces, the citation was soon thereafter withdrawn.

16. On March 27, 1999, a warrant of arrest was issued for Mr. DeSantos, charging him with the offense of delivery or manufacture of counterfeit instrument under Transportation Code § 521.456(b), a third degree felony. His business was also raided with virtually everything confiscated by the South Padre Island Police Department, and an employee of the business was arrested, and Mr. DeSantos was later arrested on April 1, 1999.

17. The charges were, of course, later summarily dropped, but only after his business was shut down and Mr. DeSantos and his employee arrested, and almost everything in the business confiscated by the police.

**PLAINTIFFS' ORIGINAL COMPLAINT AND**
**APPLICATION FOR TEMPORARY INJUNCTION - Page 6**

## Court I

## Violation of 42 U.S.C. § 1983

18. Plaintiffs reallege and incorporate herein paragraphs 7 to 17 above.

19. Defendants' action in intentionally and knowingly engaging in a pattern of wrongful conduct to shut down Mr. DeSantos's business Kopy Kat Services, Inc. has deprived Plaintiffs of their rights in violation of the Fourteen Amendment and 42 U.S.C. § 1983. As a result of Defendants' actions, Plaintiffs have sustained damages in excess of $100,000.00.

## Count II

## Request for Declaratory Relief

20. Plaintiffs reallege and incorporate herein paragraphs 7–17 above.

21. Days after the officer's stopping of the moped riders, Officer Leopoldo Garcia, of the Code Enforcement Division, advised Mr. DeSantos that the zoning for the Town of South Padre Island prohibited the operation of a moped rental business at 2013 Padre Boulevard, South Padre Island, Texas, and that such a business could not operate there.

22. The Town of South Padre Island Zoning Ordinance regulates land us in the Town of South Padre Island. (Chapter 20 of the Town's Code of Ordinances). The lands of the Town are divided into the following districts:

"A"    Single family dwelling district.
"E"    Low Density Residential–Single-Family and Townhouse Dwelling District.
"B"    Multiple family dwellings, apartments, motel, hotel, condominium, townhouse district.
"C"    Business district - Fire zone.
"C-1"  General Business District - Fire Zone
"C-2"  Entertainment Related Uses District.
"C-3"  Limited Business District - Fire Zone.
"D"    Resort area district.
"D-1"  Resort Area District.

"D-2" Transitional Resort Area District.

23.     The Town's records reflect that 2013 Padre Boulevard lies in District "C-2". The description for District "C-2" entitled "Entertainment Related Uses District" provides:

(A)     <u>Purpose and Intent</u>:

The "C-2" Entertainment Related District is unique through its development as a center of similar entertainment and recreational uses within the Town of South Padre Island, and is an object of special and substantial public interest due to its richness and character, imparting a district aspect to an otherwise new city. It is deemed essential to the public welfare that these qualities relating to the "C-2 Entertainment Related Uses District be preserved and protected from destructive changes in use, and the growth pressures evident within the area and throughout the community it serves, which threaten its existence as a unique, cohesive, and definable whole.

It is the intent of these regulations to preserve and enhance the best elements of the Entertainment District through the review of changes in land use to protect against the undesirable encroachment by incompatible uses on the district, while encouraging uses which will lead to its continuance, conservation, and improvement in a manner appropriate to the preservation of this unique area of the community.

(B)     <u>Use regulations</u>:

(1)     Permitted Uses: The following uses shall be permitted as-of-right within the "C-2" Entertainment Related Uses District:

    Residential
        Hotel/Motel

    Retail Trade
        Antiques
        Apparel and Accessories
        Arts and Crafts/Art Gallery
        Bait Shop
        Bicycle Sales and Rental
        Books, Stationery, Newspapers, and Magazines
        Cameras and Photographic Supplies
        Candy, Nuts, and Confectionery
        Delicatessen
        Department Store, Mail Order, and Direct Selling Organizations
        Florist
        Gifts, Novelties, and Souvenirs

        Hardware
        Ice Cream and Frozen Desserts
        Liquor – Retail
        Music Supplies
        Restaurant, Fast-Food, With or Without Drive-Thru
        Restaurant, Sit-Down, No Drive-Thru
        Specialty Food Shops/Bakery
        Sporting Goods - Sales and rental
        Taverns, Bars, and Saloons
        Tobacco Products
        Variety and General Merchandise
Cultural, Entertainment, and Recreational
        Amphitheater
        Amusement Center
        Aquarium
        Aqua-Sports
        Arcade
        Auditorium
        Banquet Hall
        Bicycle – Rental and Repair
        Billiard Hall
        Boat Ramp – Public
        Boat Ramp – Private
        Boat Rental
        Bowling Center
        Dinner Theater
        Exhibition Hall
        Health Club/Gymnasium
        Historic and Monument Sites
        Ice Skating Rink – Indoor
        Library
        Marina
        Museum
        Public Parks
        Piers – Private and Public
        Planetaria
        Private Club
        Reception Hall
        Recreational Center
        Roller Skating Rink
        Theater - Stage Play
        Theater - Motion Picture
Repair Services
        Bicycle Repair

**PLAINTIFFS' ORIGINAL COMPLAINT AND
APPLICATION FOR TEMPORARY INJUNCTION - Page 9**

      Boat Repair Services
    Government Services
      Postal Services
      Governmental Functions, Facilities, and Buildings
    Personal Services
      Artist's Studio
      Photographic Services
      Beauty and Barber Shops
      Apparel Repair and Alterations
      Shoe Repair and Shoe Shining Services
      Tattooing and body art
    Financial Services
      Bank
      Savings and Loan Association
      Commercial Credit Institutions
      Credit Unions
      Holding and Investment Services
    General Offices for Business and Professional Services

24. Plaintiffs contend that their scooter rental business is an allowed use under the "C-2" classification. Plaintiffs seek a declaration from the Court that the motor scooter rental business at 2013 Padre Boulevard is an allowed use under the Zoning Ordinance.

## Count III

### Application For Temporary Injunction

25. Plaintiffs reallege and incorporate herein paragraphs 7 to 17.

26. The prime operation time for Plaintiffs' motor scooter rental business is March through the summer. The Town of South Padre Island, through its Code Enforcement Division, has stated that it will not allow Plaintiffs to operate the motor scooter rental business from the location at 2013 Padre Boulevard because the zoning ordinance for that location does not allow for the operation of that type of business. Plaintiffs herein seek a declaration from the Court that a motor scooter rental business at 2013 Padre Boulevard is not in violation of the Zoning Ordinance. In conjunction therewith, Plaintiffs will be irreparably damaged if they are not allowed to operate the motor scooter

**PLAINTIFFS' ORIGINAL COMPLAINT AND
APPLICATION FOR TEMPORARY INJUNCTION - Page 10**

rental business at such location. Plaintiffs are likely to prevail at trial on this matter. As such, Plaintiffs seek a temporary injunction prohibiting the Town of South Padre Island and its agents, employees, and other acting in concert with them, from attempting to prevent Plaintiffs from operating a motor scooter rental business at 2013 Padre Boulevard, based on the Zoning Ordinances.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Kopy Kat Services, Inc. and Patrick Mark DeSantos, pray that Defendants answer herein, and upon final hearing Plaintiffs be awarded judgment against Defendants for damages, attorneys' fees through trial and all appeals, pre-judgment and post-judgment interest, a declaration that the zoning ordinances of the Town of South Padre Island permit the operation of a motor scooter rental business at 2013 Padre Boulevard, South Padre Island, Texas, and a temporary injunction prohibiting the Town of South Padre Island from attempting to prevent the operation of a moped rental business at 2013 Padre Island in South Padre Island, Texas, and any other relief to which Plaintiffs are entitled.

Respectfully submitted,

VIAL, HAMILTON, KOCH & KNOX, L.L.P.
1717 Main Street, Suite 4400
Dallas, Texas 75201
Phone:   (214) 712-4540
FAX:     (214) 712-4402

By: *[signature]*
SCOTT E. HAYES
State Bar No. 09280050
Southern District Federal #25403

ATTORNEY FOR PLAINTIFFS KOPY KAT SERVICES, INC. AND PATRICK MARK DESANTOS

**PLAINTIFFS' ORIGINAL COMPLAINT AND
APPLICATION FOR TEMPORARY INJUNCTION - Page 11**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Plaintiffs' First Amended Complaint has been forwarded to Ricardo J. Navarro, Denton & Navarro, 222 E. Van Buren, Suite 405, Harlingen, TX 78550, by certified mail, return receipt requested, on June 25, 2001.

*Scott Hayes* (signature)

Scott E. Hayes

100333.1

**PLAINTIFFS' ORIGINAL COMPLAINT AND
APPLICATION FOR TEMPORARY INJUNCTION - Page 12**

**TOWN OF SOUTH PADRE ISLAND**
**MUNICIPAL COURT**
**COUNTY OF CAMERON**
**STATE OF TEXAS**

No. 1065

Court Case No. _____ Citation number _____

In the name of TOWN OF SOUTH PADRE ISLAND, TEXAS. The undersigned swears that he has good reason to believe and does believe that on or about 320 ☐ AM ☒ PM 15 day of Dec. 7

Eder Lazy
Last Name                First            MI        Alias

104 Dolude St. 4
Addr                City / State                D.O.B.

(93)781-6781            Br 14 508 392
Phone        Race / Sex        D.L.N.

Owner
Occupation        Place of Employment        Phone (Res / Work)

at location  2013 Padre Blvd
in the TOWN OF SOUTH PADRE ISLAND, Cameron County, Texas

Sale Arms-Jewelry & concealed wpn

In violation of Sec. 20-55        11th Council Cal

Leo Garcia        3201
Officer                Badge #

I hereby agree to appear in court at 4601 Padre Boulevard on 15 day of April 2000 at 9:00 A.M.

Eder L
Signature of defendant

CASE REPORT NO. _____ Report Made: ( ) YES ( ) NO

VICTIM:
Last Name        First        M.I.        D.O.B.
St / PO #        City        State
Place of Employment        Address        Phone

WITNESSES ( Name, Address, Phone )
1. _____
2. _____
3. _____

CO-DEFENDANTS: ( Name, Address, Phone )
1. _____
2. _____

DEFENDANT'S BEHAVIOR: _____ Good _____ Bad

EXPLAIN: _____

NARRATIVE: _____

Complainant / Officer        ID#

EXHIBIT
1














EXHIBIT 2

On Monday April 24, at approximatly 3:30 pm, 5 students from Sterling Heights MI, Gina Lalama, Crystal Vanderheyden, Rich Chrostowski, Tim Krull, Alan Sarzynski proceeded to rent 5 mopeds from CopyCap Scooters. When renting the vehicles we were informed that it was legal in the state of texas to operate the vehicles with a legalized United States liscence. After handing over a $100 deposit and $40 rental fee for the mopeds, we were then given instructions on how to properly operate the vehicles. We proceeded to ride the bikes for no more than 30 minutes when we pulled into the Blue Marlin supermarket. We were then approached by Officer J. Valdez from the South Padre Police department who asked to see all of our liscences. He asked if any of us had a "class A moped operators liscence" to which we all responded no. He then went back to his police car to verify the law. We were then told that it is against texas law to operate a moped without a "class A moped operators liscence." He said that because we were told warned of the law that he would not issue us a citation but that he would issue one to

EXHIBIT 3

told to leave the bikes at the supermarket and that it was Marc's obligation to retrieve the vehicles. We then took a taxi back to 'Copycat Scooters' where we waited aprx. 20 min for Marc. When he arrived we explained the charges brought against us as well as him. He then refunded each of us our $100 deposits as well as our $40 rental fee. The above statement is legitimate and accurate and is agreed upon by each of the five students who have signed below.

Gina Lalama
(810) 977-0303

Rich Chrostowski
1(810) 268-2509

Tim Krull
(810)-934-7932

Crystal VanDerHeyden
(810) 939-7212

Alan Sarzynski
(810) 979-5996

STATE OF TEXAS
COUNTY OF CAMERON

This instrument was acknowledged before me on April ___, 2000 by Gina Lalama, Rich Chrost, Crystal VanDerHeyden, Tim Krull and Alan Sarzynski.



Notary Public, State of Texas

US
IM

**STATE IDENTIFICATION CARDS**

# MICHIGAN

## MICHIGAN DRIVER'S LICENSE

■ **Currently Issued License (Fig. 23.1)**

1. **Description**

    SIZE: Width: 3 3/8"   Height: 2 1/8"

    FRONT DETAIL: Digitized credit-card style license with a photographic headbar showing the Mackinac Bridge and "MICHIGAN" in blue print at left. Driver license header information (including the license number) is color coded as follows: Operator and Chauffeur Driver License are blue; Commercial Driver License is green; Graduated Driver License is red; Moped License is orange. Driver's photo, with blue backdrop, is at left; black printing below indicates that medical and anatomical gift information is shown on back. Under 21 statement, printed in red ink above photo, identifies month, day and year of 21st birthday of a minor driver. Expiration date is printed in red ink. PolaSecure® optical variable device imprinted on the laminate shows outline of the state and the word "MICHIGAN" repeating on the face of the license. Image of the Great Seal of Michigan is printed across the center of the license, in primary-colored ultraviolet ink that will fluoresce in multiple colors and is viewable under a black light. Driver's name and address, to right of portrait, appear on three lines, followed by two rows of data and driver's digitized signature. The date of birth is shown in red print. At lower right a unique number appears. It shows the year, Julian date, and Secretary of State branch number (issuing office). A "D" at the end indicates a duplicate license has been issued.

    BACK DETAIL: Back contains magnetic stripe and bar code, preceded by statement "Information contained in bar code and magnetic stripe is limited to date of birth, license/ID number and expiration date." Anatomical gift statement (with "Medical Alert" square at right) contains lines for signature of donor and witness; emergency contact; and telephone number. Instructions read "USE BALL POINT PEN ONLY." There is a space at bottom for change of address label.

    MATERIAL: Teslin stock with optical variable device imprinted in laminate. Manufactured by Polaroid Corporation.

2. **Classes and Endorsements**

    The Michigan CDL is classified in conformity with federal law and is restricted to the type of vehicle for which the license holder qualifies. The CDL classes are shown below:

    CLASS A: Any vehicle towing another vehicle with a GVWR over 10,000 lbs.

    CLASS B: Vehicle with a GVWR of 26,001 lbs. or more, and combination vehicles with a GCWR of 26,001 lbs. or mor

AUG. 1998                                                     L MI



towing a vehicle not more than 10,000 lbs. GVWR.

CLASS C: Small vehicles designed to carry 16 or more people including the driver, and small vehicles carrying hazardous materials in amounts requiring placarding.

ENDORSEMENT T: Double/triple trailers with class A designation (triple trailers are NOT permitted in Michigan).

ENDORSEMENT N: Tank vehicles with class A or B designation.

ENDORSEMENT H: Hazardous materials.

ENDORSEMENT P: Passenger vehicles with class A, B or C designation, designed to carry 16 or more persons (including the driver).

ENDORSEMENT X: Combination of N and H.

Non-commercial classes are as follows:

OPERATOR'S LICENSE: Valid for any non-commercial vehicle, including vehicles used only in farm work. Operator may need an endorsement required for certain types of vehicles. Minimum age is 18; 16 with completion of driver training. This license is indicated by "O" in license type field.

CHAUFFEUR'S LICENSE: Valid for all vehicles when driving for hire. Certain types of vehicles require an endorsement. Minimum age is 18; 16 with completion of driver education. License is indicated by "C" in license type field.

GRADUATED DRIVER LICENSE: Levels 1, 2, 3. See under Minor and Provisional Licenses.

MOPED: Must have a valid operator, chauffeur or a "moped only" license. Minimum age is 15.

MOTORCYCLE ENDORSEMENT: Required for the operation of a motorcycle. Driver must have a valid operator's or chauffeur's license, endorsed "OCY" or "CCY" in the type field on the license front. Minimum age is 18; 16 with completion of driver education and a motorcycle safety course.

3. License Data Significance

LICENSE NUMBER: Soundex system, 1 letter and 12 digits as follows:
P   = first letter of last name
865 = code of last name
760 = code of first name
021 = code of middle name
781 = code of month and day of birth

DESCRIPTION FIELDS: License number, expires, name and address, date of birth, sex, height, eyes, type, endorsements, restrictions.

OTHER INFORMATION: Instructions regarding medical information and anatomical gift, driver's signature, unique number that incorporates Secretary of State (issuing) branch office number at bottom right.