22

United States District Court
Southern District of Texas
FILED

AUG 1 6 2001

Michael N. Milby
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | |
|---|---|
| KOPY KAT SERVICES, INC. AND § | |
| PATRICK MARK DESANTOS, § | |
| § | |
| § | CIVIL ACTION NO.  B-01-019 |
| Plaintiffs, § | |
| § | |
| V. § | |
| § | |
| THE TOWN OF SOUTH PADRE § | |
| ISLAND, TEXAS AND § | |
| ROBERT RODRIQUEZ, § | |
| § | |
| Defendants. § | |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' SECOND
## MOTION TO DISMISS, AND BRIEF IN SUPPORT

VIAL, HAMILTON, KOCH & KNOX, L.L.P.
1717 Main Street, Suite 4400
Dallas, Texas  75201
Phone:        (214) 712-4540
FAX:          (214) 712-4402
Scott E. Hayes
State Bar No. 09280050
Southern District Federal #25403
ATTORNEY FOR PLAINTIFFS KOPY KAT
SERVICES, INC. AND PATRICK MARK DESANTOS

# TABLE OF CONTENTS

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Table of  Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

Statement of The Nature and Stage of Proceeding  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

I.      Statement of Issues to be Ruled Upon . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

II.     Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

III.    Procedural Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

IV.     Defendants' Rule 12(b)(6) Motion Should Be Denied  . . . . . . . . . . . . . . . . . . . . . .  3

V.      Plaintiffs' Allegations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

        Section 1983 Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

VI.     Declaratory Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

VII.    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13


PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

CERTIFICATE OF SERV ICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Azar v. Conley*, 456 F.2d 1382 (6th Cir. 1972), *quoting Monroe v. Pape*,
365 U.S. 167, 81 S. Ct. 473 (1961) ......................................................... 11

*Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99 (1957) ................................................. 4

*Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 98 S. Ct. 1729 (1978) ...................................... 11

*Garrett v. Commonwealth Mortgage Company*, 938 F.2d 591 (5th Cir. 1991) .......................... 4

*Hishon v. King & Spalding*, 467 U.S. 69, 104 S. Ct. 2229 (1984) ............................................. 4

*Hull v. City of Duncanville*, 678 F.2d 582 (5th Cir. 1982)) ...................................................... 11

*MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086 (3d Cir. 1995),
*cert. denied* 117 S. Ct. 64, 519 U. S. 815, 136 L.Ed 2d 25 ........................................................ 12

*Monell v. New York City Dept. of Social Services*,
436 U.S. 658, 98 S. Ct. 2018 (1978) ..................................................................................... 10

*Neitzke v. Williams*, 490 U.S. 325, 109 S. Ct. 1827 (1989) ......................................................... 4

## FEDERAL STATUTES

28 U.S.C.A. § 1367(a) ........................................................................................................ 12

42 U.S.C.A. § 1983 ............................................................................................................. 10

## TEXAS STATUTES

Texas Transportation Code § 521.030 ........................................................................... 7

Texas Transportation Code § 521.456(b) ............................................................. 3, 6, 10

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

On January 30, 2001, Plaintiffs filed their Original Complaint and Application for Temporary Injunction.  Defendants were served with the Original Complaint on or about February 14, 2001.  On February 26, 2001, Plaintiffs filed their Application for Temporary Restraining Order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, and Rule 2 of this Court's Civil Procedures to enjoin Defendants from attempting to prevent Plaintiffs from operating their business.  The Court denied Plaintiffs' Application for Temporary Restraining Order by written Order dated February 28, 2001. Thereafter, Defendants moved to dismiss Plaintiffs' claims pursuant to Rule 12 and Rule 56 of the Federal Rules of Civil Procedure.  The Court, on May 10, 2001, denied Defendants' Motion to Dismiss.  Defendants now again seek dismissal of Plaintiffs' claims pursuant to Rules 12 and 56.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KOPY KAT SERVICES, INC. AND | § | |
| PATRICK MARK DESANTOS, | § | |
| | § | |
| | § | CIVIL ACTION NO.  B-01-019 |
| Plaintiffs, | § | |
| | § | |
| V. | § | |
| | § | |
| THE TOWN OF SOUTH PADRE | § | |
| ISLAND, TEXAS AND | § | |
| ROBERT RODRIQUEZ, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' SECOND MOTION TO DISMISS, AND BRIEF IN SUPPORT

COME NOW, Kopy Kat Services, Inc. and Patrick Mark DeSantos, Plaintiffs herein, and file

this Response to Defendants' Second Motion to Dismiss and/or No Evidence Motion for Summary

Judgment, and would show as follows:

### I.

### Statement of Issues to be Ruled Upon

In their Motion, Defendants seek dismissal, pursuant to Federal Rules of Civil Procedure 12

and 56, of the relief sought in Plaintiffs' First Amended Complaint and Application for Temporary

Injunction.

## II.

## Summary of Argument

As alleged in Plaintiffs' First Amended Complaint, and discussed below, Defendants have engaged in a pattern of illegal acts and abuse of authority pursuant to a policy directed at harassing and intimidating Mr. DeSantos and preventing him from operating his business in the Town of South Padre Island. In 1999, Plaintiff DeSantos was arrested by the Town of South Padre Island Police Department and charged with the offense of delivery or manufacture of counterfeit instrument under Texas Transportation Code § 521.456(b), a third degree felony. The charges were later dropped. In the spring 2000, Mr. DeSantos prepared for the opening of a new business–renting motor scooters. Almost from the minute he started his preparations to operate the business, he became the target of the officials of the Town of South Padre Island, through their illegal acts and abuse of authority, harassments and intimidation and threats to Mr. DeSantos and his customers, to the point where he could no longer operate such business without facing criminal penalties, but also to cause him to lose his freedom to live on the Island and engage in his livelihood. Plaintiffs' allegations in their First Amended Complaint and supporting evidence show the protectible interests. Additionally, Defendants seek dismissal of Plaintiffs' request for declaratory relief and only on the ground that there is not a protectible issue. However, Plaintiffs' declaratory relief request is not based on a protectible interest, but rather a controversy which relates to other claims in the case. As such, Defendants' Motion should be denied in full.

## III.

## Procedural Background

On January 30, 2001, Plaintiffs filed their Original Complaint and Application for Temporary Injunction. Defendants were served with the Original Complaint on or about February 14, 2001. On February 26, 2001, Plaintiffs filed their Application for Temporary Restraining Order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, and Rule 2 of this Court's Civil Procedures to enjoin Defendants from attempting to prevent Plaintiffs from operating their business. The Court denied Plaintiffs' Application for Temporary Restraining Order by written Order dated February 28, 2001. Thereafter, Defendants moved to dismiss Plaintiffs' claims pursuant to Rule 12 and Rule 56 of the Federal Rules of Civil Procedure. The Court, on May 10, 2001, denied Defendants' Motion to Dismiss. Defendants now again seek dismissal of Plaintiffs' claims pursuant to Rules 12 and 56.

## IV.

## Defendants' Motion Should Be Denied

In their Motion, Defendants first contend that Plaintiffs' claims should be dismissed pursuant to Federal Rule of Civil Procedure 12 (assumedly Defendants rely on Rule 12(b)(6)). Under Rule 12(b)(6), a court may dismiss a claim for relief only where the facts alleged by the plaintiff if taken as true, still fail to allege a claim which would entitle the plaintiff to relief. Neitzke v. Williams, 490 U.S. 325, 326, 109 S. Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45, 78 S. Ct. 99, 102 (1957); Garrett v. Commonwealth Mortgage Company, 938 F.2d 591, 594 (5th Cir. 1991).

**PLAINTIFFS' RESPONSE TO DEFENDANTS' SECOND**
**MOTION TO DISMISS, AND BRIEF IN SUPPORT - Page 3**

## V.

## Plaintiffs' Allegations

As alleged in their Complaint (and supported by the affidavit of Mr. DeSantos attached),[1] in the afternoon of Saturday, April 15, 2000, Patrick Mark DeSantos, the owner of Kopy Kat Services, Inc., began unloading motor scooters on the property of Gulf Coast Beachwear at 2013 Padre Boulevard in South Padre Island and attaching "Rent Me" signs onto the motor scooters.  (Plaintiffs' Complaint, ¶ 7; DeSantos Affidavit, ¶ 5).  Within an hour, an individual stating that he was with the South Padre Island Code Enforcement Division arrived on the scene and announced to Mr. DeSantos that it was a violation to attach the "Rent Me" signs to the motor scooters, without some sort of permit, and that Mr. DeSantos must immediately stop doing so.  (Plaintiffs' Complaint, ¶ 7; DeSantos Affidavit, ¶ 5).  Several hours later, another South Padre Island Code Enforcement Division individual, Leopoldo Garcia, Jr., arrived at 2013 Padre Boulevard and told Mr. DeSantos that he could not park the motor scooters on the parking lot in front of Gulf Coast Beachwear, and then Mr. Garcia proceeded to write a citation to the owner of such property, apparently on the grounds that there was a violation of Section 20-14 of the ordinances of South Padre Island because there were insufficient parking spaces for the motor scooters to be on the parking lot.  (Plaintiffs' Complaint, ¶ 7; DeSantos Affidavit, ¶ 5).  A copy of such citation is attached hereto as Exhibit "1" to the DeSantos Affidavit, as well as Exhibit "1" to Exhibit B to Defendants' Motion, and also Exhibit "1" to Plaintiffs' Amended Complaint.

---

[1] The Affidavit attached is not signed by Mr. DeSantos.  The signed Affidavit (along with a Motion for Leave to file such signed affidavit) will be submitted in the near future.  Mr. DeSantos was unavailable to sign the Affidavit before a notary at the time of the filing of this Response.

**PLAINTIFFS' RESPONSE TO DEFENDANTS' SECOND MOTION TO DISMISS, AND BRIEF IN SUPPORT - Page 4**

Despite the fact that the citation was issued on April 15, 2000, on Monday morning, April 17, 2000, Mr. Garcia stated that the citation relating to parking spaces was withdrawn, and additionally, he admitted that there was not a problem with the attachment of the "Rent Me" signs to the motor scooters, despite the directives to that effect by the other Code Enforcement Division individual less than forty-eight hours previously.  (Plaintiffs' Complaint, ¶ 8; DeSantos Affidavit, ¶ 5).

Later in the day on April 17, 2000, a South Padre Island Code Enforcement Division individual went to Mr. DeSantos's private residence at the LaConcha Condos at 2500 Gulf Boulevard in the Town of South Padre Island and demanded answers from the manager of the LaConcha Condos regarding two motor scooters parked near Mr. DeSantos's condo unit. (Plaintiffs' Complaint, ¶ 9; DeSantos Affidavit, ¶ 6).

Between April 15 and April 24, 2000, South Padre Island police officers frequently drove by or stopped near Mr. DeSantos's business, monitoring Mr. DeSantos's actions. (Plaintiffs' Complaint, ¶ 10; DeSantos Affidavit, ¶ 10).

On April 24, 2000, the first day that Kopy Kat Services, Inc. began renting the motor scooters, Officer Jose Valdez of the South Padre Island Police Department, at approximately 4:00 p.m., approached five individuals who had rented mopeds from Kopy Kat Services, Inc. thirty minutes earlier. (Plaintiffs' Complaint, ¶ 11; DeSantos Affidavit, ¶ 8). Officer Valdez told the individuals that they could not operate the mopeds because they did not have Texas operator licenses that allowed for the operation of mopeds. (Plaintiffs' Complaint, ¶ 11). Officer Valdez made the individuals leave the mopeds where they were  and threatened them against further operation of the mopeds, and he additionally told them that he was going to ticket Mr. DeSantos for illegally renting the mopeds to individuals not licensed to operate them.  (Plaintiffs' Complaint, ¶ 11; DeSantos Affidavit, ¶ 8).

**PLAINTIFFS' RESPONSE TO DEFENDANTS' SECOND**
**MOTION TO DISMISS, AND BRIEF IN SUPPORT - Page 5**

Copies of the drivers' licenses of the individuals are attached to the DeSantos Affidavit as Exhibit "2",

and their statements of events attached as Exhibit "3". (Plaintiffs' Complaint, ¶ 11; DeSantos

Affidavit, ¶ 8) (and also Exhibits "2" and "3" to Exhibit "B" to Defendants' Motion to Dismiss, and

Exhibits "2" and "3" to Plaintiffs' Amended Complaint). Officer Valdez then came to Kopy Kat

Services, Inc.'s office and advised Mr. DeSantos that a Texas operator's license was required to

operate a moped in Texas. (Plaintiffs' Complaint, ¶ 11; DeSantos Affidavit, ¶ 8). Officer Valdez

handed Mr. DeSantos a copy of the Texas Transportation Code § 521.460, and said that Mr.

DeSantos was in violation of such provision relating to renting of vehicles. (Plaintiffs' Complaint, ¶

11; DeSantos Affidavit, ¶ 8). Mr. DeSantos advised Officer Valdez of Texas Transportation Code

§ 521.030, titled "Reciprocal License", which allows for the operation of a vehicle if a non-resident

may operate that type of vehicle in the non-residents home state. (Plaintiffs' Complaint, ¶ 11;

DeSantos Affidavit, ¶ 8). Officer Valdez disagreed, stating that the individuals could not operate

mopeds in Texas. (Plaintiffs' Complaint, ¶ 11; DeSantos Affidavit, ¶ 8). Knowing that a great

majority of the moped rental customers were from out of state, Officer Valdez's pronouncement

effectively shut down Mr. DeSantos's business because the renters would be stopped and/or ticketed

and Mr. DeSantos would be ticketed and face criminal penalties. (Plaintiffs' Complaint, ¶ 11;

DeSantos Affidavit, ¶ 8).

On April 25, 2000, Mr. DeSantos and his counsel attempted to meet with then-Acting Chief

Robert Rodriquez regarding the pattern of harassment and illegal action taken by the Police and Code

Enforcement officers, all under Chief Rodriquez's command and direction. (Plaintiffs' Complaint, ¶

12; DeSantos Affidavit, ¶ 9). While a meeting was scheduled at 4:00 p.m. that day, Chief Rodriquez

did not show up and in his place was Officer Charles Morrison of the South Padre Island Police

Department (who has subsequently left the force) and another officer. (Plaintiffs' Complaint, ¶ 12; DeSantos Affidavit, ¶ 9). The discussion centered around the actions of Officer Valdez on April 24 as to the five Michigan individuals on the mopeds from Kopy Kat Services, Inc. (Plaintiffs' Complaint, ¶ 12; DeSantos Affidavit, ¶ 9). Officer Morrison initially concurred that he understood that Section 521.030 (Reciprocal License provision) of the Transportation Code allows individuals to operate mopeds if they can operate them in their home state. (Plaintiffs' Complaint, ¶ 12; DeSantos Affidavit, ¶ 9). Officer Morrison then stated that Michigan law required a motorcycle or moped endorsement, and that the five Michigan individuals did not have such. (Plaintiffs' Complaint, ¶ 12; DeSantos Affidavit, ¶ 9). Officer Morrison then pulled out a copy of a summary of the relevant Michigan statute, which stated: "Moped: Must have a valid operator, chauffeur, or a "moped only" license. Minimum age is 15." A copy of the information provided by Officer Morrison is attached hereto as Exhibit "4" to the DeSantos Affidavit (and Exhibit "4" to Exhibit "B" of Defendants' Motion and Exhibit "4" to Plaintiffs' Amended Complaint. (Plaintiffs' Complaint, ¶ 12; DeSantos Affidavit, ¶ 9). Officer Morrison then admitted a moped endorsement was not required in Michigan and that his previous statement was wrong, and then he decided that it was a legal issue and abruptly ended the meeting. (Plaintiffs' Complaint, ¶ 12; DeSantos Affidavit, ¶ 9). Mr. DeSantos and his counsel then went to the office of Paul Cunningham, Attorney for the Town of South Padre Island for some type of explanation as to the actions by the South Padre Island Police Department and the Code Enforcement Division. (Plaintiffs' Complaint, ¶ 12; DeSantos Affidavit, ¶ 10). Mr. Cunningham was not at his office. Counsel for Mr. DeSantos left his name, telephone number and business card and requested that Mr. Cunningham call him regarding the matter. Only weeks later did

Mr. Cunningham call, claiming no knowledge of the matter. (Plaintiffs' Complaint, ¶ 12; DeSantos Affidavit, ¶ 10).

In early May 2000, Officer Leopoldo Garcia of the Code Enforcement Division advised Mr. DeSantos that the zoning for the Town of South Padre Island prohibited the operation of a moped rental business at 2013 Padre Boulevard, South Padre Island, Texas, and that such a business could not operate there. (Plaintiffs' Amended Petition, ¶ 21, DeSantos Affidavit, ¶ 11).

Mr. DeSantos's motor scooter business was certainly no surprise to Chief Rodriquez or the Town of South Padre Island. (Plaintiffs' Complaint, ¶ 13). In February, 2000, Mr. DeSantos, Mayor Ed Cyganawicz, who was also the attorney representing Mr. DeSantos and his interest (and as discussed below, he also represented Mr. DeSantos regarding the Town of South Padre Island's raid of his other business), and Chief Rodriquez (or Detective Jaime Rodriguez) met to discuss the possible opening of a motor scooter rental business by Mr. DeSantos on South Padre Island. (Plaintiffs' Complaint, ¶ 13). The meeting went well and both Mayor Cyganawicz and Chief Rodriquez (or Detective Jaime Rodriguez) endorsed the idea as something that would be of great benefit to South Padre Island. (Plaintiffs' Complaint, ¶ 13; DeSantos Affidavit, ¶ 3). Mr. DeSantos then subsequently spent a great amount of time, effort, and money to prepare for the opening of the motor scooter business, Kopy Kat Services, Inc. (Plaintiffs' Complaint, ¶ 13; DeSantos Affidavit, ¶ 3). However, the Town of South Padre Island did not want Mr. DeSantos to operate such a business and has engaged in a course and pattern of illegal and action abuse of authority to effectively shut the business down and preventing Mr. DeSantos from engaging in his livelihood. (Plaintiffs' Complaint, ¶ 13).

**PLAINTIFFS' RESPONSE TO DEFENDANTS' SECOND**
**MOTION TO DISMISS, AND BRIEF IN SUPPORT - Page 8**

While Mr. DeSantos was certainly a target of the Town officials in his pursuit of his scooter rental business, such actions were not the first attempt by the South Padre Island Police Department and Code Enforcement Division to shut down a business that Mr. DeSantos operates. (Plaintiffs' Complaint, ¶ 14; DeSantos Affidavit, ¶ 13). Mr. DeSantos also owns and operated a business, Digital Imaging Associates, Inc., in South Padre Island. (Plaintiffs' Complaint, ¶ 14; Desantos Affidavit ¶ 13). The business involves manufacturing novelty products, including identification cards. (Plaintiffs' Complaint, ¶ 14; DeSantos Affidavit, ¶ 13).

The South Padre Island Code Enforcement Division and the Police Department used the same *modus operandi* to attempt to shut down that business. (Plaintiffs' Complaint, ¶ 15; DeSantos Affidavit, ¶ 13). In 1998, South Padre Island Code Enforcement individuals came to the Digital Imaging Associates, Inc. business and made verbal complaints regarding the business. (Plaintiffs' Complaint, ¶ 15; DeSantos Affidavit, ¶ 13). Mr. DeSantos also received a form of a "cease and desist" letter from the South Padre Island Police Department threatening to shut down the operation of the business. (Plaintiffs' Complaint, ¶ 15; DeSantos, Affidavit ¶ 13). These actions continued in 1999. (Plaintiffs' Complaint, ¶ 15; DeSantos Affidavit, ¶ 13). On March 25, 1999, an employee of Digital Imaging Associates, Inc., Jason Alexander, received a ticket from a South Padre Island Code Enforcement Department individual, Thomas Deckard, regarding a sign at the business. (Plaintiffs' Complaint, ¶ 15; DeSantos Affidavit, ¶ 13). Like the citation issued relating to the parking spaces, the citation was soon thereafter withdrawn. (Plaintiffs' Complaint, ¶ 15; DeSantos Affidavit, ¶ 13).

Thereafter, on March 27, 1999, a warrant of arrest was issued for Mr. DeSantos, charging him with the offense of delivery or manufacture of counterfeit instrument under Transportation Code § 521.456(b), a third degree felony. (Plaintiffs' Complaint, ¶ 16; DeSantos Affidavit, ¶ 14).

Thereafter, Mr. DeSantos and an employee were arrested, and virtually everything confiscated by the South Padre Island Police Department. (Plaintiffs' Complaint, ¶ 16; DeSantos Affidavit, ¶ 14). The charges were, of course, later summarily dropped. (Plaintiffs' Complaint, ¶ 17; DeSantos Affidavit, ¶ 14).

Section 1983 Claims. Section 1983 provides a remedy against "any person" who under color or state law, deprives another of rights protected by the Constitution. 42 U.S.C.A. § 1983. In Monell v. New York City Dept. of Social Services, 436 U.S. 658, 98 S. Ct. 2018 (1978), the Court held that Congress intended municipalities and other local government entities to be included among those persons to whom § 1983 applies. At the same time, the Court made it clear that municipalties may not be held liable "unless action pursuant to official municipal policy of some nature caused a constitutional tort." Id. at 691, 98 S. Ct. at 2036. One does not state a constitutional claim under Section 1983 merely by alleging extraordinary negligence; one must allege "the sort of abuse of government power that is necessary to raise an ordinary tort by a government agent to the statute of a violation of the Constitution." Hull v. City of Duncanville, 678 F.2d 582, 584 (5th Cir. 1982) (quoting Williams v. Kelley, 624 F.2d 695, 697 (5th Cir. 1980 cert. denied, 451 U.S. 1019, 101 S. Ct. 3009 (1981))." The complaint must allege state conduct which is "sufficiently egregious to be constitutionally tortious". Id.

It is clear that the protection of Section 1983 extends to the unauthorized abuse of authority by public officials. "There can be no doubt . . . that Congress has the power to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a state and represent it in some capacity, whether they act in accordance with their authority or misuse it." Azar v.

Conley, 456 F.2d 1382, 1389 (6th Cir. 1972), *quoting* Monroe v. Pape, 365 U. S. 167, 171-72, 81 S. Ct. 473, 476 (1961).

In order to be entitled to relief under § 1983, the plaintiff must show (i) that the defendant deprived him of a right secured to him by the constitution or federal law and (ii) that the deprivation occurred under color of state law.  Flagg Brothers, Inc. v. Brooks, 436 U. S. 149, 155, 98 S. Ct. 1729, 1733 (1978).  As alleged in Plaintiffs' Amended Complaint and established through supporting evidence, Plaintiffs lost not only their business but also Mr. DeSantos was deprived of not only his livelihood, but was forced to leave the Island because of the continued acts taken against him.

## VI.

## Declaratory Relief Claim

In their Motion, Defendants also seek dismissal of Plaintiffs' request for declaratory relief as to whether a moped rental business is a permitted use under the zoning ordinances of the Town of South Padre Island.

Defendants seem to suggest that Plaintiffs' request for declaratory relief should be denied because there is not constitutional or protectible interest involved.  As Plaintiffs previously pointed out in response to Defendants' First Motion to Dismiss, this Court has jurisdiction over Plaintiffs' request for declaratory relief through supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367(a). See MCI Telecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1102-03 (3d Cir. 1995), *cert. denied* 117 S. Ct. 64, 519 U. S. 815.  Plaintiffs are not relying on a § 1983 "protectible interest" in their request for the Court to declare whether the motor scooter rental business is allowed in District "C-2".  Rather, Plaintiffs seek court declaration from this Court because a controversy exists and it relates to Plaintiffs' other claims in this lawsuit, and, in such event, the Court may entertain it.

As Defendants' only ground for dismissal is that there is not a "protectible interest" present involving the request for declaratory relief, such portion of the Motion should be denied.

In any event, in denying Plaintiffs' Application for a Temporary Restraining Order, this Court held that Plaintiffs failed to show that they had exhausted all administrative remedies by not seeking to procure a special exception pursuant to Section 20–8.2(B)(2) of The Town of South Padre Zoning Codes; Chapter 20 of the Town's Code of Ordinance (copy in full in Appendix to Plaintiffs' Application for Temporary Restraining Order). Plaintiffs acknowledge that they have not attempted to obtain a special exception pursuant to Section 20–8.2(B)(2) from the Board of Adjustment. Rather, Plaintiffs assert that while the words "Motor Scooter Rental" or "Moped Rental" do not appear within the language of permitted uses within District "C-2", similar types of business are listed, including "bicycle sales and rental," and "sporting goods-sales and rental." Motor scooter rental and moped rental would appear to be a permitted use. In any event, Defendants' Motion does not appear to even address this point.

Filed along with this Response is Plaintiffs' Motion for Continuance/Suspension of Summary Judgment, based on the need for additional discovery to respond to the summary judgment motion and supporting evidence. While Defendants' Motion is specific in that it only seeks a dismissal on the basis that there is no alleged constitutional interest or protectible interest at stake, Plaintiffs' Motion for Continuance/Suspension would be necessary in the event that a broad interpretation of the ground for Defendants' Motion is given, that would require a response including additional evidence.

**PLAINTIFFS' RESPONSE TO DEFENDANTS' SECOND
MOTION TO DISMISS, AND BRIEF IN SUPPORT - Page 12**

# VII.

## Conclusion

Plaintiffs' allegations in their First Amended Complaint set forth the pattern of harassment, intimidation, illegal acts and abuse of authority by the officials of The Town of South Padre Island, against both Kopy Kat Services, Inc. and Mr. DeSantos, to the extent that the business was closed and Mr. DeSantos's ability to conduct business and engage in his livelihood was destroyed and felt he could no long remain the Island.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants' Motion to Dismiss be denied.

Respectfully submitted,

VIAL, HAMILTON, KOCH & KNOX, L.L.P.
1717 Main Street, Suite 4400
Dallas, Texas 75201
Phone:       (214) 712-4540
FAX:         (214) 712-4402

By:     _____
        SCOTT E. HAYES
        State Bar No. 09280050
        Southern District Federal #25403

ATTORNEY FOR PLAINTIFFS KOPY KAT SERVICES, INC. AND PATRICK MARK DESANTOS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Plaintiffs' Response to

Defendants' Second Motion to Dismiss has been forwarded to Mr. Ricardo J. Navarro, Denton,

Navarro & Bernal, 222 E. Van Buren, Suite 405, Harlingen, Texas 78550, by certified mail, return

receipt requested, on August _16th_, 2001.

_Scott Hayes_
Scott Hayes

**PLAINTIFFS' RESPONSE TO DEFENDANTS' SECOND**
**MOTION TO DISMISS, AND BRIEF IN SUPPORT - Page 14**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

KOPY KAT SERVICES, INC. AND    §
PATRICK MARK DESANTOS,    §
   §
   §    CIVIL ACTION NO. B-01-019
   Plaintiffs,    §
   §
V.    §
   §
THE TOWN OF SOUTH PADRE    §
ISLAND, TEXAS AND    §
ROBERT RODRIQUEZ,    §
   §
   Defendants.    §

## AFFIDAVIT OF PATRICK MARK DESANTOS

THE STATE OF TEXAS    §
   §
COUNTY OF DALLAS    §

BEFORE ME, the undersigned authority, on this day personally appeared Patrick Mark DeSantos, who being by me duly sworn, deposed and stated as follows:

1.    "My name is Patrick Mark DeSantos.  I am over twenty-one (21) years of age, have never been convicted of a felony or crime involving moral turpitude, and am fully qualified to make this affidavit.  I have personal knowledge of all the facts recited herein, and those facts are true and correct.

2.    I am President of Kopy Kat Services, Inc., and have been so for all relevant times referenced in this Affidavit.

3.    In February 2000, I, along with Mayor Ed Cyganawicz, my attorney at the time, met with either officer Robert Rodriquez or Jaime Rodriquez of the Police Department of the Town of South Padre Island to discuss the possible opening of a motor scooter rental business by me in the Town of South Padre Island.  Both

Mayor Cyganawicz and Officer Rodriquez endorsed the idea as something that would be of great benefit to the Town of South Padre Island.

4. I subsequently prepared for the opening of the motor scooter rental business, Kopy Kat Services, Inc., at 2013 Padre Boulevard in South Padre Island, Texas.

5. In the afternoon of April 15, 2000, I began unloading motor scooters on the property at Gulf Coast Beachwear at 2013 Padre Boulevard in South Padre Island and attaching "Rent Me" signs onto the motor scooters. Within an hour, an individual stating that he was with the South Padre Island Code Enforcement Division arrived and announced to me that it was a violation to attach "Rent Me" signs to the motor scooters, without some sort of permit, and that I must immediately stop attaching such signs. Several hours later, another South Padre Island Code Enforcement officer, Leopoldo Garcia, Jr., arrived at 2013 Padre Boulevard and told me that I could not park the motor scooters on the parking lot in front of Gulf Coast Beachwear, and Mr. Garcia proceeded to write a citation to the owner of such property, apparently on the grounds that there was a violation of Section 20–14 of the ordinances of the town of South Padre Island because there was insufficient parking spaces for the motor scooters to be on the parking lot. Attached hereto as Exhibit "1" is a copy of such citation. On Monday morning, April 17, 2000, Officer Garcia apparently withdrew the citation.

6. Later in the day of April 17, 2000, a South Padre Island Code Enforcement Division individual went to my private residence at the LaConcha Condos at 2500 Gulf Boulevard in the Town of South Padre Island and demanded answers from the manager of such condos regarding two motor scooters parked near my condo unit.

7. Between April 15 and 24, 2000, I saw South Padre Island police officers frequently drive by or stop near my business at 2013 Padre Boulevard, monitoring my actions.

8. On April 24, 2000, the first day that Kopy Kat Services, Inc. began renting the motor scooters, Officer Jose Valdez of the South Padre Island Police Department, at approximately 4:00 p.m., approached five individuals who had rented mopeds from Kopy Kat Services, Inc. thirty minutes earlier. A copy of the drivers' licenses of the individuals renting the moped are attached hereto as Exhibit "2", and their statements of events attached as Exhibit "3". Officer Valdez told the individuals that they could not operate the mopeds because they did not have Texas operator licenses that allowed for the operation of mopeds. Officer Valdez made the individuals leave the mopeds in a parking lot where they were and threatened them against further operation

of the mopeds, and he additionally told them that he was going to ticket me for illegally renting the mopeds to individuals not licensed to operate them. Later that afternoon, Officer Valdez came to Kopy Kat Services, Inc.'s office and advised me that a Texas operator's license was required to operate a moped in Texas. Officer Valdez handed me a copy of the Texas Transportation Code § 521.460, and said that I was in violation of such provision relating to renting of vehicles. I advised Officer Valdez of Texas Transportation Code § 521.030, which allows for the operation of a vehicle if a non-resident may operate that type of vehicle in the non-residents home state. Officer Valdez disagreed, stating that the Michigan individuals could not operate mopeds in Texas. Knowing that a great majority of the moped rental customers were from out of state and knowing that I faced criminal penalties despite the proper and legal operation of my business, Officer Valdez's pronouncement effectively shut down my business.

9.   On April 25, 2000, I attempted to meet with then-Acting Chief Robert Rodriquez regarding the pattern of harassment and illegal action taken by the Police and Code Enforcement officers. While a meeting was scheduled at 4:00 p.m. that day, Chief Rodriquez did not show up and in his place was Officer Charles Morrison of the South Padre Island Police Department (who has subsequently left the force) and another officer. The discussion centered around the actions of Officer Valdez on April 24 as to the five Michigan individuals on the mopeds from Kopy Kat Services, Inc. Officer Morrison initially concurred that he understood that Section 521.030 of the Transportation Code allows individuals to operate mopeds if they can operate them in their home state. He then stated that Michigan law required a motorcycle or moped endorsement, and that the five Michigan individuals did not have such. Officer Morrison then pulled out a copy of a summary of the relevant Michigan statute, which stated: "Moped: Must have a valid operator, chauffeur, or a "moped only" license. Minimum age is 15." A copy of the information provided by Officer Morrison is attached hereto as Exhibit "4". Officer Morrison then admitted a moped endorsement was not required in Michigan and that his previous statement was wrong, and then he decided that it was a legal issue and abruptly ended the meeting. At that time, I remained in the position by virtue of the previous actions of the Town of South Padre Island officials of facing criminal penalties for legally operating my business.

10.   I then went to the office of Paul Cunningham, Attorney for the Town of South Padre Island for some type of explanation as to the actions by the South Padre Island Police Department and the Code Enforcement Division. Mr. Cunningham was not at his office. My attorney left his name, telephone number and business card and requested that Mr. Cunningham call him regarding the matter. I understand that only weeks later did Mr. Cunningham call, claiming no knowledge of the matter.

11.    In early May 2000, Officer Leopoldo Garcia of the Code Enforcement Division of the Town of South Padre Island returned to 2013 Padre Boulevard and advised me that the zoning for the Town of South Padre Island prohibited the operation of a motor scooter rental business at 2013 Padre Boulevard, South Padre Island, Texas, and that the Town of South Padre Island would act to prevent the motor scooter rental business from operating  at such location. Based on the harassment, intimidation, and illegal enforcement of the laws against me by the officials of the Town of South Padre Island, I feared for my safety and liberty and consequently no longer have my condominium and do not stay on the Island.

12.    I have attached as Exhibit 5 hereto copies of portions of Chapter 20 of the Town of South Padre Island's Code of Ordinances which I have been told by Mr. Garcia regulates the land use in the Town of South Padre Island and that 2013 Padre Boulevard lies in District "C-2", as well as a map showing the zoning locations in the relevant portion of Town.

13.    The actions involving the mopeds is not the first attempt by the South Padre Island Police Department and Code Enforcement Division to shut down a business that I operate. I also own and operate a business, Digital Imaging Associates, Inc., in the Town of South Padre Island. The business involves manufacturing novelty products, including identification cards. The South Padre Island Code Enforcement Division and the Police Department used the same *modus operandi* to attempt to shut down that business. In 1998, South Padre Island Code Enforcement individuals came to the Digital Imaging Associates, Inc. business and made verbal complaints regarding the business. I also received a form of a "cease and desist" letter from the South Padre Island Police Department threatening to shut down the operation of the business. These actions continued in 1999. On March 25, 1999, an employee of Digital Imaging Associates, Inc., Jason Alexander, received a ticket from a South Padre Island Code Enforcement Department individual, Thomas Deckard, regarding a sign at the business. Like the citation relating to the parking spaces, the citation was soon thereafter withdrawn.

14.    On April 1 1999, I was arrested by officers from the Town of South Padre Island Police Department and charged with the offense of delivery or manufacture of counterfeit instrument under Transportation Code § 521.456(b), a third degree felony. My business was also raided with virtually everything confiscated by the South Padre Island Police Department. Mr. Alexander was also arrested. The charges were later

summarily dropped, but only after my business was shut down and Mr. Alexander and I had been arrested.

FURTHER, AFFIANT SAYETH NAUGHT."

_____
Patrick Mark DeSantos

SUBSCRIBED AND SWORN TO BEFORE ME this ____ day of August, 2001, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC, STATE OF TEXAS
My Commission Expires:_____

127472.1

TOWN OF SOUTH PADRE ISLAND
MUNICIPAL COURT
COUNTY OF CAMERON
STATE OF TEXAS

COMPLAINT & CITATION — NON-TRAFFIC

**1085**

Court Case No. _____     Citation number _____

In the name of TOWN OF SOUTH PADRE ISLAND, TEXAS. The undersigned certifies that he has good reason to believe and does believe that on or about _____

_____ day of _____ 20___  ☐ AM ☐ PM

Last Name _____  MI ___  Alias _____

Add. 104 _____ st. 4 _____  D.O.B. _____

Phone (___)___-____  Res / I.D. _____  D.L. No. _____

Occupation _____  Place of Employment  Phone (Res / Work)

at Section _____ 2013 Padre Blvd. _____

in the TOWN OF SOUTH PADRE ISLAND, Cameron County, Texas

_____

In violation of Sec. _____

_____  Officer          Badge #  3301

I hereby agree to appear in court at 4501 Padre Boulevard
on _____ day of _____ 20___ at 9:00 A.M.

_____
Signature of Defendant

CASE REPORT NO. _____  Report Made:  ( ) YES  ( ) NO

VICTIM:

Last Name _____  First _____  M.I. ___  D.O.B. _____

St / P.O. # _____  City _____  State _____

Place of Employment _____  Address _____  Phone _____

WITNESSES ( Name, Address, Phone )
1. _____
2. _____
3. _____

CO-DEFENDANTS: ( Name, Address, Phone )
1. _____
2. _____

DEFENDANT'S BEHAVIOR: _____  Good _____  Bad

EXPLAIN: _____

NARRATIVE: _____

_____

Complainant / Officer          ID #

**EXHIBIT**

_1_





## MICHIGAN

**OPERATOR LICENSE**

TIMOTHY JOSEPH KNULL
STERLING HEIGHTS, MI



## MICHIGAN

**OPERATOR LICENSE**

ALAN EDWARD BARZYNSKI
STERLING HEIGHTS, MI



## MICHIGAN

**OPERATOR LICENSE**

RICHARD GREGORY CHRASTOWSKI
STERLING HEIGHTS, MI



## MICHIGAN

**OPERATOR LICENSE**

GINA LALAMA
STERLING HEIGHTS, MI



EXHIBIT
2

On Monday April 24, at approximatly 8:30 pm, 5 students from Sterling Heights MI, Gina Lalama, Crystal Vanderheyden, Rich Chrostowski, Tim Krull, Alan Sarzynski' proceeded to rent 5 mopeds from CopyCap scooters. When renting the vehicles we were informed that it was legal in the state of texas to operate the vehicles with a legalized United States liscence. After handing over a $100 deposit and $40 rental fee for the mopeds, we were then given instructions on how to properly operate the vehicles. We proceeded to ride the bikes for no more than 30 minutes when we pulled into the Blue Marlin supermarket. We were then approached by Officer J. Valdez from the South Padre Police department who asked to see all of our liscences. He asked if any of us had a "class A moped operators liscence" to which we all responded. He then went back to his police car to verify the law. We were then told that it is against texas law to operate a moped without a "class A moped operators liscence". He said that because we were toled warned if this law that he would not issue us a citation but that he would issue one to



... and that it was mark's obligation to retrieve the vehicles. We then took a taxi back to copycat scooters where we waited aprx. 30 min for mark. When he arrived we explained the charges brought against us as well as him. He then refunded each of us our $100 deposits as well as our $40 rental fee. The above statement is legitimate and accurate and is agreed upon by each of the five students who have signed below.

Gina Lalama
(810) 977-0303

Rich Chrostowski
1 (810) 268-2509

Tim Krull
(810)-934 7932

Crystal VanderHeyden
(810) 939-7212

Alan Sarzynski
(810) 979-8996

STATE OF TEXAS
COUNTY OF CAMERON

This instrument was acknowledged before me on April · 2000 by Gina Lalama, Rich Chros
Crystal VanderHeyden, Tim Krull and Alan Sarzynski.

Notary Public, State of Texas

GLADYS HOPKINS
MY COMMISSION EXPIRES
April 2, 2002

US
IM

MICHIGAN

## MICHIGAN DRIVER'S LICENSE
■ Currently Issued License (Fig. 23.1)

### 1. Description
SIZE: Width: 3 3/8"  Height: 2 1/8"

FRONT DETAIL: Digitized credit-card style license with a photographic headbar showing the Mackinac Bridge and "MICHIGAN" in blue print at left. Driver license header information (including the license number) is color coded as follows: Operator and Chauffeur Driver License are blue; Commercial Driver License is green; Graduated Driver License is red; Moped License is orange. Driver's photo, with blue backdrop, is at left; black printing below indicates that medical and anatomical gift information is shown on back. Under 21 statement, printed in red ink above photo, identifies month, day and year of 21st birthday of a minor driver. Expiration date is printed in red ink. PolaSecure® optical variable device imprinted on the laminate shows outline of the state and the word "MICHIGAN" repeating on the face of the license. Image of the Great Seal of Michigan is printed across the center of the license, in primary-colored ultraviolet ink that will fluoresce in multiple colors and is viewable under a black light. Driver's name and address, to right of portrait, appear on three lines, followed by two rows of data and driver's digitized signature. The date of birth is shown in red print. At lower right a unique number appears. It shows the year, Julian date, and Secretary of State branch number (issuing office). A "D" at the end indicates a duplicate license has been issued.

BACK DETAIL: Back contains magnetic stripe and bar code preceded by statement "Information contained in bar code and magnetic stripe is limited to date of birth, license/ID number and expiration date." Anatomical gift statement (with "Medical Alert" square at right) contains lines for signature of donor and witness; emergency contact; and telephone number. Instructions read "USE BALL POINT PEN ONLY." There is a space at bottom for change of address label.

MATERIAL: Teslin stock with optical variable device imprinted in laminate. Manufactured by Polaroid Corporation.

### 2. Classes and Endorsements
The Michigan CDL is classified in conformity with federal law and is restricted to the type of vehicle for which the license holder qualifies. The CDL classes are shown below:

CLASS A: Any vehicle towing another vehicle with a GVWR over 10,000 lbs.

CLASS B: Vehicle with a GVWR of 26,001 lbs. or more, and combination vehicles with a GCWR of 26,001 lbs. or more



EXHIBIT
4

towing a vehicle not more than 10,000 lbs. GVWR.

**CLASS C:** Small vehicles designed to carry 16 or more people including the driver, and small vehicles carrying hazardous materials in amounts requiring placarding.

**ENDORSEMENT T:** Double/triple trailers with class A designation (triple trailers are NOT permitted in Michigan).

**ENDORSEMENT N:** Tank vehicles with class A or B designation.

**ENDORSEMENT H:** Hazardous materials.

**ENDORSEMENT P:** Passenger vehicles with class A, B or C designation, designed to carry 16 or more persons (including the driver).

**ENDORSEMENT X:** Combination of N and H.

Non-commercial classes are as follows:

**OPERATOR'S LICENSE:** Valid for any non-commercial vehicle, including vehicles used only in farm work. Operator may need an endorsement required for certain types of vehicles. Minimum age is 18; 16 with completion of driver training. This license is indicated by "O" in license type field.

**CHAUFFEUR'S LICENSE:** Valid for all vehicles when driving for hire. Certain types of vehicles require an endorsement. Minimum age is 18; 16 with completion of driver education. License is indicated by "C" in license type field.

**GRADUATED DRIVER LICENSE:** Levels 1, 2, 3. See under Minor and Provisional Licenses.

**MOPED:** Must have a valid operator, chauffeur or a "moped only" license. Minimum age is 15.

**MOTORCYCLE ENDORSEMENT:** Required for the operation of a motorcycle. Driver must have a valid operator's or chauffeur's license, endorsed "OCY" or "CCY" in the type field on the license front. Minimum age is 18; 16 with completion of driver education and a motorcycle safety course.

3. **License Data Significance**

**LICENSE NUMBER:** Soundex system, 1 letter and 12 digits as follows:

P    = first letter of last name
865  = code of last name
760  = code of first name
021  = code of middle name
781  = code of month and day of birth

**DESCRIPTION FIELDS:** License number, expires, name and address, date of birth, sex, height, eyes, type, endorsements, restrictions.

**OTHER INFORMATION:** Instructions regarding medical information and anatomical gift, driver's signature, unique number that incorporates Secretary of State (issuing) branch office number at bottom right.

CSMPDF - www.fesisa.com