23

United States District Court
Southern District of Texas
FILED

AUG 1 6 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KOPY KAT SERVICES, INC. AND PATRICK MARK DESANTOS, | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. B-01-019 |
| V. | § § | |
| THE TOWN OF SOUTH PADRE ISLAND, TEXAS AND ROBERT RODRIQUEZ, | § § § § § | |
| Defendants. | § | |

### PLAINTIFFS' MOTION FOR CONTINUANCE/ SUSPENSION OF SUMMARY JUDGMENT

COMES NOW Kopy Kat Services, Inc. and Patrick Mark DeSantos, Plaintiffs herein, and file their Motion for Continuance/Suspension of determination of Summary Judgment, and would show as follows:

1. Plaintiffs filed their lawsuit on January 30, 2001. Thereafter, Plaintiff requested a Temporary Restraining Order, which was denied by the Court. Defendants' initial filing in the case was a Motion to Dismiss on March 6, 2001, which the Court denied on May 10, 2001. Defendants did not file an answer to Plaintiffs' allegations until May 3, 2001. Thereafter, the parties appeared before the Court on June 17, 2001, for a status conference and presentment of a Joint Discovery/Case Management Plan, wherein the parties suggested a discovery deadline of January 31, 2002. The Court, in its Scheduling Order entered on July 18, 2001, set a discovery deadline of January 31, 2002, a dispositive motion deadline of February 20, 2002, and trial date of May 6, 2002.

### PLAINTIFFS' MOTION FOR CONTINUANCE/SUSPENSION OF SUMMARY JUDGMENT – Page 1

2. At the status conference on June 17, 2001, Plaintiffs agreed to amend their Complaint to clarify the capacity in which Defendant Rodriquez was sued. At that time, Defendants' attorney stated that he intended to file a Motion to Dismiss as to the amended complaint. However, there was no suggestion at that hearing or thereafter that Defendants intended to file a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure before at least some additional discovery occurred.

3. Plaintiffs are entitled to continue/suspend the summary judgment motion pending the completion of discovery. Such motions are generally favored, and should be liberally granted. See Stearns Airport Equipment Co., Inc. v. FMC Corp., 170 F.3d 518, 534–35 (5th Cir. 1999); International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1267 (5th Cir. 1991).

4. To justify a continuance/suspension, the movant must demonstrate (1) why the movant needs additional discovery; and (2) how the additional discovery will likely create a genuine issue of material fact. Stearns, 170 F.3d at 535; Krim v. BancTexas Group, 989 F.2d 1435, 1442 (5th Cir. 1993). As discussed below, there is much additional discovery necessary in this case. While Defendants attached evidence to their Motion to Dismiss, the only specific grounds for the Rule 56 motion appears to be that Plaintiffs do not have a constitutionally-protected right at issue. If Defendants' Motion is limited entirely to that ground, then the continuance/suspension is not necessary. If the Motion is construed broadly to include other issues, then as discussed below, there is a need for additional discovery.

5. Plaintiffs previously listed in the Joint Discovery/Case Management Plan various individuals that they intended to depose, including Robert Rodriquez, Charles Morrison (former South Padre Island police officer); Leopoldo Garcia, Jr. (officer with South Padre Island Code Enforcement Department); and Jose Valdez (South Padre Island police officer); Chrystal

**PLAINTIFFS' MOTION FOR CONTINUANCE/SUSPENSION OF SUMMARY JUDGMENT** – Page 2

Vanderheyden, Timothy Krull, Alan Sarzynski, Richard Chrostowski or Gina Lalama (individuals residing in Michigan who were told that they could not operate the mopeds), Jay Mitchum (head of the South Padre Island Code Enforcement Division or its zoning department); and former South Padre Island police chief Eunice. As discussed at the status conference, depositions were taken of Messrs. Rodriquez, Morrison, Garcia, and Valdez by Plaintiffs' counsel on October 9, 2000, pursuant to Rule 202 of the Texas Rules of Civil Procedure, to investigate Plaintiffs' claims before filing suit. (Defendants also took the deposition of Mr. DeSantos on October 10, 2000.) The depositions were not intended as full and complete depositions, and in fact, Plaintiffs took the depositions of Messrs. Rodriquez, Morrison, Garcia, and Valdez all in one day, and in so requesting the depositions before the 197th State District Judge Migdalia Lopez, Plaintiffs advised that their depositions of the South Padre island officials would be limited to one day. There likely would be follow up questions to some or all of these individuals.

6. Additional discovery would also include the deposition of at least one of the Michigan individuals, who will offer testimony regarding the events surrounding them being told to not ride the scooters and the actions of Officer Valdez and his terminating their ability to operate the scooters. Also, the depositions of Jay Mitchum regarding zoning ordinances and enforcement related thereto, and of former police chief Eunice are necessary surrounding the previous arrest of Mr. DeSantos. Additionally, while Defendants have previously produced certain documents, additional documents including those relating to the February 2000 meeting at issue, the events surrounding the arrest of Mr. DeSantos and subsequent dropping of charges in 1999, the targeting of Mr. DeSantos in the spring of 2000, and the enforcement of the district "C-2" zoning ordinances. The Motion is supported by the attached Declaration of Scott E. Hayes, Plaintiffs' counsel.

**PLAINTIFFS' MOTION FOR CONTINUANCE/SUSPENSION OF SUMMARY JUDGMENT – Page 3**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Kopy Kat Services, Inc. and Patrick Mark DeSantos pray that their Motion for Continuance/Suspension of Summary Judgment be sustained, and that full and complete discovery be allowed before any summary judgment based on the evidence in this case is sustained.

Respectfully submitted,

VIAL, HAMILTON, KOCH & KNOX, L.L.P.
1717 Main Street, Suite 4400
Dallas, Texas 75201
Phone: (214) 712-4540
FAX: (214) 712-4402

By: /s/ Scott Hayes
SCOTT E. HAYES
State Bar No. 09280050
Southern District Federal #25403

ATTORNEY FOR PLAINTIFFS KOPY KAT SERVICES, INC. AND PATRICK MARK DESANTOS

## CERTIFICATE OF CONFERENCE

I conferred with Defendants' counsel Mauro Ruiz on August 15, 2001; he opposed the relief sought.

/s/ Scott Hayes
Scott Hayes

**PLAINTIFFS' MOTION FOR CONTINUANCE/SUSPENSION OF SUMMARY JUDGMENT – Page 4**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Motion for Continuance/Suspension of Summary Judgment has been forwarded to Mr. Ricardo J. Navarro, Denton & Navarro, Inc., 222 E. Van Buren, Suite 405, Harlingen, Texas 78550, by certified mail, return receipt requested, on August _15_, 2001.

*Scott Hayes* (signature)

Scott Hayes

144957.1

**PLAINTIFFS' MOTION FOR CONTINUANCE/SUSPENSION OF SUMMARY JUDGMENT – Page 5**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KOPY KAT SERVICES, INC. AND PATRICK MARK DESANTOS, | § § § § | |
| | § | CIVIL ACTION NO. B-01-019 |
| Plaintiffs, | § § | |
| v. | § § | |
| THE TOWN OF SOUTH PADRE ISLAND, TEXAS AND ROBERT RODRIQUEZ, | § § § § | |
| Defendants. | § § | |

DECLARATION IN SUPPORT OF CONTINUANCE/
SUSPENSION OF SUMMARY JUDGMENT

I, Scott E. Hayes, declare as follows:

1.  I am the attorney for Plaintiffs Kopy Kat Services, Inc. and Patrick Mark DeSantos and have handled this action since its inception.

2.  While it appears that Defendants' Second Motion to Dismiss is limited to only the issue of the constitutionally-protected interest, if the Motion were construed more broadly by the Court, then additional discovery may be necessary to raise a genuine issue of material fact. At least one of the Michigan individuals stopped by Officer Valdez of the South Padre Island Police Department would offer testimony regarding the events leading up to Officer Valdez advising them to terminate their operation of the scooters. The individuals deposed pre-suit my have additional relevant information. Jay Mitchum of the Code Enforcement Division would offer testimony

**DECLARATION IN SUPPORT OF CONTINUANCE OF SUMMARY JUDGMENT - SOLO**

regarding the enforcement of the zoning ordinances, and former chief Eunice would testify regarding the arrest of Mr. DeSantos and action thereafter. Also, while there were some documents produced in the pre-suit discovery, additional documents will be requested including those surrounding the February 2000 meeting at issue, the events surrounding Mr. DeSantos arrest and subsequent dropping of charges in 1999, the targeting of Mr. DeSantos in spring 2000, and the enforcement of the C-2 zoning ordinances, all possible issues where there may be factual disputes.

3. I declare under penalty of perjury that the foregoing is true and correct.

_____
Scott E. Hayes

**DECLARATION IN SUPPORT OF CONTINUANCE OF SUMMARY JUDGMENT - SOLO**