26

```
IN THE UNITED STATES DISTRICT COURT
  FOR THE SOUTHERN DISTRICT OF TEXAS
           -BROWNSVILLE DIVISION-
```

United States District Court
Southern District of Texas
FILED

SEP 0 6 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| KOPY KAT SERVICES, INC. & PATRICK MARK DESANTOS | * * * |
| VS | * * |
| TOWN OF SOUTH PADRE ISLAND, TEXAS & ROBERT RODRIGUEZ | * * * |

C.A. NO. B-01-019

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR CONTINUANCE/SUSPENSION OF SUMMARY JUDGMENT**

---

May it Please the Court:

COME NOW DEFENDANTS, the TOWN OF SOUTH PADRE ISLAND, TEXAS (hereafter "TOWN"), and ROBERT RODRIGUEZ, Police Chief for the TOWN, (hereafter "DEFENDANTS") in this lawsuit and file this Response to Plaintiff's Motion for Continuance/Suspension of Summary Judgment.

### NATURE OF THE CASE

Plaintiff attempted to operate a motor scooter rental business in a zoning district (C-2) where such use was not permitted. Without issuing Plaintiff a citation for the violation, code enforcement for the TOWN advised Plaintiff that such business was not a permitted use in the C-2 district. Plaintiff, in turn, willingly closed his business.

Plaintiffs, Patrick Mark Desantos and his business, Kopy Kat Services, Inc. (hereafter "Plaintiff"), now bring this civil rights

lawsuit complaining of the TOWN'S enforcement of its ordinance. Plaintiff has sued the TOWN and CHIEF ROBERT RODRIGUEZ, in his official capacity, asserting violations under 42 U.S.C. §1983. Plaintiff also seeks declaratory relief and a temporary injunction.

## PROCEDURAL HISTORY

Prior to the filing of this matter, the parties had previously engaged in discovery proceedings in an original state court matter brought by Plaintiff pursuant to under Tex. R. Civ. Proc. 202, as more fully explained below.

On or about May 22, 2000, Petitioner Mark Desantos filed his petition authorizing the taking of oral depositions pursuant to Rule 202 of the Texas Rules of Civil Procedure. In his petition, Mr. Desantos requested that the Town of South Padre Island, Texas, produce its agents and/or employees of the Town including, Chief Robert Rodriguez, former Police Officer Charles Morrison, Mr. Leopoldo Garcia, Jr., and Officer Jose Valdez. See Exhibit C.

On or about June 1, 2000, the Town of South Padre filed its response in opposition to Petitioner's Rule 202 request as Plaintiff did not want to be deposed, and also filed its counter-request to take the deposition of Petitioner, Patrick Desantos. See Exhibit D.

On or about June 5, 2000, 197th State District Court Judge Migdalia Lopez granted both Petitioner Desantos' request and the Town's request, authorizing the depositions of Patrick M. Desantos

and the Town of South Padre Island's agents and/or employees mentioned above. See Exhibit E of Defendants' Motion to Dismiss or for Summary Judgment.

On October 09, 2000, the Town of South Padre Island produced all four of its agents and/or employees which were deposed by Plaintiff's attorney, Mr. Scott Hayes, at the South Padre Island Training Center, South Padre Island, Texas. The depositions were recorded orally and videotaped as well.

On October 10, 2000, at the Offices of Bryant & Stingley Court Reporters, Harlingen, Texas, Plaintiff, was deposed by counsel for the Town of South Padre Island, Texas. See Exhibit A of Defendants' Motion to Dismiss or for Summary Judgment.

Several months later, on or about January 30, 2001, Plaintiff filed his Original Complaint and Application for Temporary Injunction. On February 26, 2001, Plaintiff filed his Application for Temporary Restraining Order and Brief in Support.

Citing to Plaintiff's failure to exhaust administrative remedies, and specifically, his failure to secure a building permit as per Chapter 20 of the TOWN's ordinance, the Court denied Plaintiff's requested temporary injunctive relief on February 28, 2001. See Exhibit G of Defendants' Motion to Dismiss or for Summary Judgment.

On June 4, 2001, the parties filed their Rule 26(f) discovery plan. At the initial pre-trial conference, the Court allowed

Plaintiff to file an amended complaint by no later than June 25, 2001, requiring that Plaintiff identify the capacity in which DEFENDANT CHIEF ROBERT RODRIGUEZ was being sued. The Court allowed TOWN DEFENDANTS to file a dispositive motion by no later than July 31, 2001.

Plaintiff amended his complaint on June 25, 2001, where he asserts claims under 42 U.S.C. § 1983 (via the 14th Amendment), and seeks declaratory relief and a temporary injunction.

DEFENDANTS filed a Motion to Dismiss or for Summary Judgment (hereafter "Dispositive Motion") on or about July 27, 2001 on the threshold issue that Plaintiff had no constitutionally protected right on which to base this litigation against DEFENDANTS. Plaintiffs responded to said Motion or about August 16, 2001, and also filed a Motion for Continuance/Suspension of Summary Judgment (hereafter "Motion for Continuance") on or about the same date.

The basis of Plaintiffs' Motion for Continuance is simply to engage in further discovery proceedings. DEFENDANTS hereby file this response to Plaintiffs' Motion for Continuance as more fully explained below.

## ARGUMENT AND AUTHORITIES

**I. Plaintiffs' Motion is Moot.**

Plaintiff filed a response to DEFENDANTS' Dispositive Motion and attached the unexecuted affidavit of Plaintiff, Patrick Desantos. Counsel, however, additionally filed a Motion for Leave

to Supplement Response to DEFENDANTS' Dispositive Motion, which counsel for DEFENDANTS did not oppose. As such, Plaintiffs should be precluded from further dragging the TOWN OF SOUTH PADRE ISLAND and its CHIEF OF POLICE in this litigation. Plaintiffs were afforded time to respond, and because they have responded with affidavit testimony and other documentary evidence, the COURT should deny Plaintiffs' Motion for Continuance.

**II. Whether Plaintiff has a Constitutionally-Protected Right Serves is the Crux of DEFENDANTS' Dispositive Motion, and because the Issue is a QUESTION OF LAW for the COURT, the COURT Should Rule on the Existing Record.**

The threshold issue in this case is whether Plaintiff has a constitutionally-protected right so as to continue involving DEFENDANTS in further litigation and incurring additional costs and expenses. Plaintiffs' own Motion sets out the standard to justify a continuance: "The movant must demonstrate (1) Why the movant needs additional discovery; and (2) how the additional discovery will likely create a genuine issue of material fact." See Plaintiffs' Motion for Continuance, p. 2. Plaintiffs fails to meet their burden.

First, Plaintiff was afforded the opportunity to conduct discovery long ago in the state court T.R.C.P. 202 proceeding before filing this lawsuit. Plaintiff deposed four SOUTH PADRE ISLAND officials regarding their alleged improper actions against Plaintiffs. DEFENDANTS also provided documents in response to

Plaintiffs' duces tecum requests. Even after deposing these individuals, Plaintiffs' factual assertions in this federal action mirror the factual allegations in support of Plaintiffs' T.R.C.P. 202 proceeding. The facts simply have not changed, and additional discovery will not make the facts, which are already on the record, any more favorable to the Plaintiffs.

Moreover, re-deposing SOUTH PADRE ISLAND officials and fact witnesses, and for instance the minors from Michigan who were stopped but never ticketed, will not create a fact issue as to whether Plaintiffs have a constitutionally protected right on which to support this litigation. In that sense, additional discovery will not give or create Plaintiffs a right with which to respond to DEFENDANTS' Dispositive Motion in order to raise a fact issue. Plaintiff Desantos' affidavit, for the most part, is a mere recitation of the facts already asserted.

In fact, there is no need for further discovery. Plaintiffs' Original Petition's "Background Fact" section alone encompasses 10 paragraphs and 4 pages of facts. The four fact-filled pages identifies officials, dates, and even alleged verbal representations by the parties involved. And this is already in addition to the 4 depositions of SOUTH PADRE ISLAND officials which explain their actions as previously taken in the state court matter.

Based on the above, the Court should deny Plaintiffs' Motion for Continuance, and rule on the existing record. If the Court finds that fact issue exists, additional discovery would be proper. But until Plaintiff can show via summary judgment proof that they have constitutionally protected right, discovery should be stayed so as to prevent additional expense and costs.

## CONCLUSION

THEREFORE, based on any one or more of the foregoing reasons, the DEFENDANTS hereby request that the Court order the following relief:

1.  That Plaintiffs' Motion for Continuance and for Suspension of Summary Judgment be Denied.

DEFENDANTS further requests that upon final hearing of this case, that all relief sought by Plaintiffs be denied, that a take nothing judgment against Plaintiffs be entered. CITY DEFENDANTS further request any other additional and further relief, at law or in equity, to which they may be entitled.

SIGNED on the 6th day of September, 2001.

Respectfully submitted,

**DENTON, NAVARRO & BERNAL**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
Attorney in Charge
State Bar No. 14829100
So. Dist. ID No. 5953
MAURO F. RUIZ
State Bar No. 24007960
So. Dist. ID No. 23774

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been sent by regular U.S. Mail unless otherwise indicated, to the person(s) listed below on this 6th day of September, 2001.

Mr. Scott E. Hayes  **Via CMRRR 7000 1670 0013 4633 8788**
VIAL, HAMILTON, KOCH & KNOX, L.L.P.
1717 Main St., Suite 400
Dallas, Texas 75201

_____
RICARDO J. NAVARRO
MAURO F. RUIZ


r:\KopyKats\Respons.ContMot