27

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

| | | |
|---|---|---|
| KOPY KAT SERVICES, INC. & | * | |
| PATRICK MARK DESANTOS | * | |
| | * | |
| VS | * | |
| | * | C.A. NO. B-01-019 |
| | * | |
| TOWN OF SOUTH PADRE ISLAND, TEXAS | * | |
| & ROBERT RODRIGUEZ | | |

United States District Court
Southern District of Texas
FILED

SEP 0 6 2001

Michael N. Milby
Clerk of Court

### DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

May it Please the Court:

COME NOW DEFENDANTS, the TOWN OF SOUTH PADRE ISLAND, TEXAS (hereafter "TOWN"), and ROBERT RODRIGUEZ, Police Chief for the TOWN, (hereafter "DEFENDANTS") in this lawsuit and file this Reply to Plaintiffs' Response to DEFENDANTS' Motion to Dismiss or for Summary Judgment.

### NATURE OF THE CASE

Plaintiff attempted to operate a motor scooter rental business in a zoning district (C-2) where such use was not permitted. Without issuing Plaintiff a citation for the violation, code enforcement for the TOWN advised Plaintiff that such business was not a permitted use in the C-2 district. Plaintiff, in turn, willingly closed his business.

Plaintiffs, Patrick Mark Desantos and his business, Kopy Kat Services, Inc. (hereafter "Plaintiff"), now bring this civil rights

lawsuit complaining of the TOWN'S enforcement of its ordinance. Plaintiff has sued the TOWN and CHIEF ROBERT RODRIGUEZ, in his official capacity, asserting violations under 42 U.S.C. §1983. Plaintiff also seeks declaratory relief and a temporary injunction.

## PROCEDURAL HISTORY

Prior to the filing of this matter, the parties had previously engaged in discovery proceedings in an original state court matter brought by Plaintiff pursuant to under Tex. R. Civ. Proc. 202, as more fully explained below.

On or about May 22, 2000, Petitioner Mark Desantos filed his petition authorizing the taking of oral depositions pursuant to Rule 202 of the Texas Rules of Civil Procedure. In his petition, Mr. Desantos requested that the Town of South Padre Island, Texas, produce its agents and/or employees of the Town including, Chief Robert Rodriguez, former Police Officer Charles Morrison, Mr. Leopoldo Garcia, Jr., and Officer Jose Valdez. See Exhibit C.

On or about June 1, 2000, the Town of South Padre filed its response in opposition to Petitioner's Rule 202 request as Plaintiff did not want to be deposed, and also filed its counter-request to take the deposition of Petitioner, Patrick Desantos. See Exhibit D.

On or about June 5, 2000, 197th State District Court Judge Migdalia Lopez granted both Petitioner Desantos' request and the Town's request, authorizing the depositions of Patrick M. Desantos

and the Town of South Padre Island's agents and/or employees mentioned above. See Exhibit E of Defendants' Motion to Dismiss or for Summary Judgment.

On October 09, 2000, the Town of South Padre Island produced all four of its agents and/or employees which were deposed by Plaintiff's attorney, Mr. Scott Hayes, at the South Padre Island Training Center, South Padre Island, Texas. The depositions were recorded orally and videotaped as well.

On October 10, 2000, at the Offices of Bryant & Stingley Court Reporters, Harlingen, Texas, Plaintiff, was deposed by counsel for the Town of South Padre Island, Texas. See Exhibit A of Defendants' Motion to Dismiss or for Summary Judgment.

Several months later, on or about January 30, 2001, Plaintiff filed his Original Complaint and Application for Temporary Injunction. On February 26, 2001, Plaintiff filed his Application for Temporary Restraining Order and Brief in Support.

Citing to Plaintiff's failure to exhaust administrative remedies, and specifically, his failure to secure a building permit as per Chapter 20 of the TOWN's ordinance, the Court denied Plaintiff's requested temporary injunctive relief on February 28, 2001. See Exhibit G of Defendants' Motion to Dismiss or for Summary Judgment.

On June 4, 2001, the parties filed their Rule 26(f) discovery plan. At the initial pre-trial conference, the Court allowed

Plaintiff to file an amended complaint by no later than June 25, 2001, requiring that Plaintiff identify the capacity in which DEFENDANT CHIEF ROBERT RODRIGUEZ was being sued. The Court allowed TOWN DEFENDANTS to file a dispositive motion by no later than July 31, 2001.

Plaintiff amended his complaint on June 25, 2001, where he asserts claims under 42 U.S.C. § 1983 (via the 14th Amendment), and seeks declaratory relief and a temporary injunction.

DEFENDANTS filed a Motion to Dismiss or for Summary Judgment (hereafter "Dispositive Motion") on or about July 27, 2001 on the threshold issue that Plaintiff had no constitutionally protected right on which to base this litigation against DEFENDANTS. Plaintiffs responded (hereafter "Response") to said Motion or about August 16, 2001. DEFENDANTS hereby file this Reply to Plaintiffs' Response on the following grounds.

## ARGUMENT AND AUTHORITIES

**I. Plaintiffs' Response Raises No Genuine Issue of Material Fact As It Fails to Establish Plaintiffs' Constitutionally-Protected Right.**

Plaintiffs' own Response indicates that to be "entitled to relief under § 1983, a plaintiff must FIRST show that the Defendant deprived him of a right secured to him by the constitution or federal law." See Plaintiffs' Response, p. 11.

Plaintiffs' summary judgment evidence proof primarily consists of the affidavit of Plaintiff, Patrick Desantos, which simply

regurgitates Plaintiffs' live Complaint without addressing or pointing to the "right" being allegedly violated. This is the "material fact" which Plaintiffs must first establish before DEFENDANTS should have to incur unnecessary costs and attorneys fees associated with the defense of this lawsuit. Desantos' affidavit merely addresses the fact that he is subject to zoning regulations and his purported clients were subject to traffic laws. But being subject to zoning and traffic laws, and their subsequent enforcement, does not rise to a constitutional violation of federally-protected rights. Zoning is a presumptively valid exercise of municipal power. *See Gwinnett Venture v. Pruit*, 491 F.2d 5 (5th Cir.) (en banc), *cert denied*, 419 U.S. 837 (1974).

Plaintiff's affidavit neglects to state that he was never fined or issued a ticket, nor was the lessor prosecuted. See DEFEDANTS' Dispostive Motion, pp. 5-8. Also, Plaintiff fails to state that the underage Michigan motorists were not issued citations, but rather, were warned. See DEFENDANTS' Dispositive Motion, pp. 5-8. Moreover and most importantly, Plaintiff fails to mention that he did not follow the required procedures for establishing a legitimate business on South Padre Island. See DEFENDANTS' Dispositive Motion, pp. 5-8.

Therefore, based on the above and because Plaintiffs' summary judgment affidavits fail to "show that there is a genuine issue as to any material fact," DEFENDANTS are entitled to judgment as a

matter of law." FRCP 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 81 L.Ed.2d 265 (1986).

The plain language of Rule 56(c) mandates the entry of a summary judgment against a party "who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Moreover, the nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in *any* case 'where the critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

As such, Plaintiffs' requested relief, including compensatory, declaratory, injunctive relief, have no basis at law, and should be denied as a matter of law.

## CERTIFICATE OF CONFERENCE

Counsel for DEFENDANTS conferred with Attorney Hayes regarding an extension of time to file this Reply, and Attorney Hayes was not opposed so long as said Reply was filed with the Court by Friday, September 7, 2001. See Exhibit A.

## CONCLUSION

THEREFORE, based on any one or more of the foregoing reasons, the SOUTH PADRE DEFENDANTS or DEFENDANTS hereby request that the Court order the following relief:

1. That the Court grant SOUTH PADRE DEFENDANTS' Motion to Dismiss and/or for Summary Judgment with respect to Plaintiffs' claims against ROBERT RODRIGUEZ, in his official capacity, and the TOWN OF SOUTH PADRE ISLAND, TEXAS.

SOUTH PADRE DEFENDANTS further requests that upon final hearing of this case, that all relief sought by Plaintiffs be denied, that a take nothing judgment against Plaintiffs be entered.

CITY DEFENDANTS further request any other additional and further relief, at law or in equity, to which they may be entitled.

SIGNED on the 6th day of September, 2001.

Respectfully submitted,

**DENTON, NAVARRO & BERNAL**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
Attorney in Charge
State Bar No. 14829100
So. Dist. ID No. 5953
MAURO F. RUIZ
State Bar No. 24007960
So. Dist. ID No. 23774

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been sent by regular U.S. Mail unless otherwise indicated, to the person(s) listed below on this 6th day of September, 2001.

Mr. Scott E. Hayes　　　　　　**Via CMRRR 700 1670 0013 4633 8771**
VIAL, HAMILTON, KOCH & KNOX, L.L.P.
1717 Main St., Suite 400
Dallas, Texas 75201

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　RICARDO J. NAVARRO
　　　　　　　　　　　　　　　MAURO F. RUIZ

r:\KopyKats\Reply.ToRespns



ClibPDF - www.fastio.com

# DENTON, NAVARRO & BERNAL

A Professional Corporation
**ATTORNEYS AND COUNSELORS**

| SAN ANTONIO OFFICE | Bank of America Building | LAREDO OFFICE |
|---|---|---|
| 1700 Tower Life Building | 222 East Van Buren, Suite 405 | 1102 Scott, Suite 4-B |
| 310 South St. Mary's Street | HARLINGEN, TEXAS 78550-6804 | Laredo, Texas 78040 |
| San Antonio, Texas 78205-3111 | (956) 421-4904 | (956) 726-6018 |
| (210) 227-3243 | Fax (956) 421-3621 | Fax (956) 723-1327 |
| Fax (210) 225-4481 | dmnrgv.com | |

August 31, 2001

Mr. Scott Hayes                                                                 By Fax
VIAL, HAMILTON, KOCH
  & KNOX, LLP.
1717 Main Street, Ste. 4400
Dallas, Texas 75201

      Re: *Kopy Kat Services Inc. v. Town of South Padre Island and Robert Rodriguez*
          Civil Action No. B-01-019
          (U.S. Dist. Court So. Dist. of Texas -Brownsville Div.)

Dear Mr. Hayes:

    Pursuant to our conversation this morning, this letter serves to memorialize your agreement to extend our reply/response deadlines to your response to our motion for summary and your motion for continuance to Friday, September 7, 2001.

    If this appropriately covers our agreement, please sign below and fax back to our office.

    Thank you for your attention to this matter.

                                  Very truly yours,

                                  Ricardo J. Navarro
                                  Mauro F. Ruiz

_____
Scott Hayes
Attorney for Plaintiffs

# DENTON, NAVARRO & BERNAL

A Professional Corporation
**ATTORNEYS AND COUNSELORS**

| SAN ANTONIO OFFICE | Bank of America Building | LAREDO OFFICE |
|---|---|---|
| 1700 Tower Life Building | 222 East Van Buren, Suite 405 | 1102 Scott, Suite 4-B |
| 310 South St. Mary's Street | HARLINGEN, TEXAS 78550 | Laredo, Texas 78040 |
| San Antonio, Texas 78205-3111 | (956) 421-4904 | (956) 726-6018 |
| (210) 227-3243 | Fax (956) 421-3621 | Fax (956) 723-1327 |
| Fax (210) 225-4481 | dmnrgv@aol.com | |

September 06, 2001

Mr. Juan Barbosa                                              **Via PDQ Delivery**
Deputy in Charge
Federal Bldg.
600 E. Harrison
Brownsville, TX 78520

Re:  *Kopy Kat Services, Inc. et. al. vs The Town of South
     Padre Island, et al*, Cause No. B-01-019
     (S. D. Texas - Brownsville Div.)

Dear Mr. Barbosa:

Enclosed for filing is an original and one copy of the following document:

1.  Defendants' Reply to Plaintiffs' Response to Defendants' Motion to Dismiss or For Summary Judgment.

Also enclosed is an additional copy which we would appreciate your file-stamping and returning to us. Thank you for your usual courtesies and assistance.

Very Truly Yours,

*Veronica Duron*

Veronica Duron for Mauro F. Ruiz

Encls.
r:\wpdocs\kopykay\tml\USClerk.006

cy: Mr. Scott Hayes                    **Via CMRRR 7000 1670 0013 4633 8771**