IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Kopy Kat Services, Inc., et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-01-19 |
| | § | |
| Town of South Padre Island, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED that on January 24, 2002, the Court considered Defendants' Motion to Dismiss and/or No Evidence Motion for Summary Judgment [Dkt. No. 21], Plaintiffs' Response thereto [Dkt. No. 22] and Motion for Continuance/Suspension of Summary Judgment [Dkt. No. 23], as well as the Defendants' and Plaintiffs' Replies [Dkt. Nos. 26 and 27]. For the following reasons, the Court **GRANTS** the Defendants' Motion for Summary Judgment [Dkt. No. 21].

I.   **Introduction**

Plaintiffs Kopy Kat Services, Inc. ("Kopy Kat") and Patrick Mark DeSantos, Kopy Kat's owner, bring suit against the Town of South Padre Island and Chief of Police Robert Rodriguez for disallowing the Plaintiffs from operating a motor scooter business at 2013 Padre Boulevard, located in a "C-2" Entertainment Related District on South Padre Island.

The first count of the Plaintiffs' Original Complaint alleges a cause of action for violation of 42 U.S.C. § 1983. The Plaintiffs allege a pattern of wrongful conduct by officials of the town of South Padre Island to shut down Kopy Kat [Dkt. No. 19 at 7]. The Plaintiffs also seek to have the Court declare the motor scooter business an allowed use in the "C-2" provision of the Town of South Padre Island's zoning ordinance. Id. Plaintiffs' third count seeks a temporary injunction prohibiting the Town of South Padre Island from attempting to prevent Plaintiffs from operating a motor scooter business at 2013 Padre

Boulevard.[1]  Id. at 10-11.  In response, the Defendants filed a Motion to Dismiss or for Summary Judgment [Dkt. No. 10], claiming that Plaintiffs had not raised a federal question. The Court denied the motion, treating it only as a 12(b)(6) motion to dismiss, and finding that the Original Complaint [Dkt. No. 1] had sufficiently alleged a federal question [Dkt. No. 15].

Plaintiffs thereafter filed their First Amended Complaint and Application for Temporary Injunction [Dkt. No. 19].  This complaint raises the same three counts as the Original Complaint.  The Defendants then filed their Motion to Dismiss and/or No Evidence Motion for Summary Judgment [Dkt. No. 21] and both Parties filed various responses and replies, currently under consideration by the Court.  For the purposes of this Order, the Court **GRANTS** Plaintiffs' Motion to File Supplement Response to Defendants' Motion to Dismiss [Dkt. No. 24].  Because the issue before the Court is limited to the question of whether the Plaintiffs have a constitutionally protected right that is at issue, their Motion to Continue/Suspend the Summary Judgment Motion [Dkt. No. 26] is **DENIED**.

II.  **Undisputed Material Facts**

Plaintiff DeSantos is the owner of Kopy Kat Services, a motor scooter rental business located on South Padre Island, Texas [Dkt. No. 21, ex. A, Oral and Videotaped Deposition of Patrick DeSantos, at 16] ("DeSantos Deposition").  Kopy Kat operated out of a business named Gulf Coast Beachwear ("Gulf Coast") located at 2013 Padre Blvd., South Padre Island, Texas. DeSantos Deposition at pp. 42, 100.  DeSantos admits this location is a "C-2" business district for zoning purposes.  See id. at 102.

The relevant provisions of Section 20-8.2 of the zoning ordinances are as follows:
(A) Purpose and Intent:

The "C-2" Entertainment Related District is unique through its development as a center of similar entertainment and recreational uses

---

[1]  The Plaintiffs also brought a separate motion seeking a temporary restraining order [Dkt. No. 7], which the Court denied [Dkt. No. 8].  The Court found that the Plaintiffs did not exhaust their administrative remedies because they failed to demonstrate that they applied for a permit to operate their business pursuant to the Town of South Padre Zoning Codes [Dkt. No. 8].

2

within the Town of South Padre Island, and is an object of special and substantial public interest due to its richness and character, imparting a distinct aspect to an otherwise new city. It is deemed essential to the public welfare that these qualities relating to the "C-2" Entertainment Related Uses District be preserved and protected from destructive changes in use, and the growth pressures evident within the area and throughout the community it serves, which threaten its existence as a unique, cohesive, and definable whole.

It is the intent of these regulations to preserve and enhance the best elements of the Entertainment District through the review of changes in land use to protect against undesirable encroachment by incompatible uses on the district, while encouraging uses which will lead to its continuance, conservation and improvement in a manner appropriate to the preservation of this unique area of the community.

Section "B" provides an extensive list of permitted uses. Only the relevant provisions are included here:

(B) Use Regulations:

(1) Permitted Uses

Retail Trade:

Bicycle Sales and Rental

Sporting Goods Sales and Rental

Repair Services:

Bicycle Repair

Boat Repair

No provision is explicitly made for motor scooter rentals. Section (B)(2), "Special Exceptions," provides for certain exceptions, and therefore conforming uses, "upon review and approval by the Board of Adjustment."

DeSantos did not erect any signs indicating that a motor scooter business was operating at Gulf Coast, but did have signs on the individual motor scooters located on Gulf

3

Coast's parking lot. DeSantos Deposition at p. 99. No lease agreement existed between DeSantos and Gulf Coast. Id. at 8.

On April 15, 2000, DeSantos was approached by Code Enforcement Officer Leo Garcia regarding code violations for the signs placed on the motor scooters. See id. at 93. See also DeSantos' First Amended Complaint, at 2. The owner of Gulf Coast was cited, although the citation was not prosecuted. Id. at 96. DeSantos was not cited at that time. Id. at 98. After this incident, DeSantos claims, and the Defendants do not dispute, that a South Padre Island police officer spoke to DeSantos about renting motor scooters to out of state individuals. [See Dkt. No. 21, at 7]. Thereafter, in late April of 2000, DeSantos states that he stopped operating his motor scooter business. DeSantos Deposition at 107-109.

DeSantos is aware that zoning requirements exist. Id. at 81. DeSantos admits that he never inquired into whether zoning permits were necessary at the Gulf Coast location, and admits that he never inquired into zoning compliance while speaking to Police Chief Robert Rodriguez in February, 2000. Id. at 80-81. Further, DeSantos admits that he never investigated the zoning requirements of the town of South Padre Island. Id. at 83. DeSantos admits that the "C-2" zone does not provide for motor scooters and that he did not seek a special exception under section (B)(2). Id. at 102-104. DeSantos also admits that he was never prosecuted in an enforcement proceeding as a result of his citation, nor did he pay any fines. Id. at 98.

III. **Summary Judgment Standard**

This Court has denied the Defendants' previous Motion to Dismiss and/or Motion for Summary Judgment [Dkt. No. 15]. The current Motion to Dismiss and/or No Evidence Motion for Summary Judgment [Dkt. No. 21] will be treated as a Motion for Summary Judgment. See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir. 1998)("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment").

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). See Hunt v. Cromartie, 526 U.S. 541, 552 (1999). The party making a summary judgment motion has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery documents which demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Colson v. Grohman, 174 F.3d 498, 506 (5th Cir.1999). If the moving party meets this burden, the nonmovant then must designate specific facts showing there is a genuine issue for trial to survive summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994). Summary judgment is appropriate if the nonmovant fails to set forth specific facts, by affidavits or otherwise, to show there is a genuine issue for trial. See Topalian v. Ehrman, 954 F.2d 1125, 1132 (5th Cir. 1992); Marsh v. Austin-Fort Worth Coca-Cola Bottling Co., 744 F.2d 1077, 1079 (5th Cir.1984).

The nonmovant cannot satisfy his summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. See Racal Survey U.S.A., Inc. v. M/V COUNT FLEET, 231 F.3d 183, 187 (5th Cir. 2000); Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir.1996); Little, 37 F.3d at 1075. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir.1998). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. Id., see also Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915-16 & n. 7 (5th Cir.), cert. denied, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. Id. If the nonmoving party fails to make

5

a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. Celotex, 477 U.S. at 322-23.

IV.  **Analysis**

A plaintiff need not exhaust state remedies, whether judicial or administrative, before bringing a federal civil rights action. McNeese v. Board of Educ., 373 U.S. 668 (1963). In order to establish either a substantive or a procedural due process violation by claiming denial of a property right, a plaintiff must first establish a denial of a constitutionally protected property right. See Ruckleshaus v. Monsanto Co., 467 U.S. 986, 1001-04 (1984); Bryan v. City of Madison, Mississippi, 213 F.3d 267 (5th Cir. 2000); Spuler v. Pickar, 958 F.2d 103, 107 (5th Cir.1992). Such a showing must be made by reference to state law as the Constitution does not create property interests. Schaper v. City of Huntsville, 813 F.2d 709 (5th Cir.1987); Board of Regents v. Roth, 408 U.S. 564, 577 (1972).

In the present case, the Plaintiffs have not shown any violation of a property right by the Town of South Padre Island or its officials. DeSantos has admitted that he did not investigate the zoning regulations before establishing a motor scooter rental business at Gulf Coast. DeSantos Deposition at 83. Further, DeSantos admits that Gulf Coast is located in the "C-2" zone, that this zone does not provide for motor scooters, and that he did not seek a special exception under section (B)(2). Id. at 102-104. The allegations raised in his live Complaint, that officials of South Padre Island issued citations and warnings for zoning violations and traffic violations, do not rise to the level of a pattern of wrongful conduct, where he had no demonstrated property right to begin with.

Summary judgment is appropriate "where the critical evidence is so weak or tenuous on an essential fact that it could not support judgment in favor of the nonmovant." Little, 37 F.3d at 1075. Here, Plaintiff has failed to establish a denial of a constitutionally protected property right, therefore his claim under 42 U.S.C. § 1983 must fail. As Plaintiff has failed to establish an essential element of his claim, there is no likelihood of success

on the merits at trial, therefore his claims for declaratory and injunctive relief also fail. See Sugar Busters L.L.C. v. Brennan, 177 F.3d 258, 265 (5th Cir. 1998).

V.     **Conclusion**

For the foregoing reasons, the Court

**GRANTS** Plaintiffs' Motion to File Supplement Response to Defendants' Motion to Dismiss [Dkt. No. 24];

**DENIES** Plaintiffs' Motion to Continue/Suspend the Summary Judgment; and

**GRANTS** the City Defendants' Motion for Summary Judgment [Dkt. No. 21].

DONE at Brownsville, Texas, this 24th day of January 2002.

_____
Hilda G. Tagle
United States District Judge